# Waldman *v*. North British & Mercantile Insurance Company.

### *Action on Policy of Insurance against Fire.*

1. *Notice to agent, as notice to principal.*—A clerk employed by the local agent of a foreign insurance company to do clerical work in his office, required to do what he was told to do, and authorized to fill out policies, sometimes issuing them, and signing his employer's name with a stamp, and to raise the rate of insurance on policies, indorsing the fact upon them, can not be regarded as the agent of the insurance company, so as to charge it with notice of a fact because he had notice.

2. *Stipulation in policy against further insurance; waiver of forfeiture by agent.*—A local agent of a foreign insurance company, having power to waive the forfeiture of a policy on account of additional insurance without the consent of the company, can not delegate that power to a person in his office employed in the discharge of clerical duties, of whose appointment or agency the company has no knowledge; nor will a waiver of the forfeiture be imputed to the company, because the clerk had notice of the additional insurance, and afterwards indorsed on the policy an increase of the rate.

[Waldman v. North British & Mercantile Insurance Company.]

3. *Error without injury in rulings on pleadings, or in charges.*—When the bill of exceptions purports to set out "substantially all the evidence," and shows that the court might have given the general affirmative charge in favor of the defendant, errors in rulings on demurrer, or in the matter of charges given and refused, could not have prejudiced plaintiff, and are not ground of reversal in his favor.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Henry Waldman, against the appellee, a foreign corporation; and was founded on a policy of insurance against fire, which the plaintiff had effected with the defendant on certain personal property particularly described, for $1,200. The policy was dated July 15th, 1887, and was for the term of one year. The insured property, which consisted of silver and plated ware, furniture, clothing, &c., was destroyed by fire, with the dwelling-house in which it was kept, on the 15th of April, 1888; and this action was commenced on the 17th July, 1888. The defendant filed nine special pleas, to several of which demurrers were interposed and overruled. The ninth plea averred a forfeiture of the policy on the part of the plaintiff, by procuring additional insurance on the property without the consent of the defendant indorsed on the policy; to which the plaintiff replied, that the defendant had knowledge of the additional insurance, and consented to it; and this was the material question in the case. The stipulation of the policy under which a forfeiture was claimed, is copied in the opinion of the court, and the evidence relied on as showing notice is also there stated. The bill of exceptions purports to set out "substantially all the evidence," but the opinion of this court renders a statement of it unnecessary.

The court gave several charges to the jury on request of the defendant, and among them the following: (1.) That if the plaintiff procured additional insurance on the property, "then the jury can not find a verdict for him, unless he has satisfied them that E. B. Joseph, the defendant's agent" [through whom the policy was procured and issued], "received notice of such additional policy before the fire occurred." (2.) "Under the evidence in this case, notice to the witness Gay" [a clerk in Joseph's office, as stated in the opinion of the court], "that plaintiff had taken out additional insurance, would not be notice to the defendant." The plaintiff excepted to each of the charges given, and he now assigns them as error, with the several rulings on demurrer adverse to him.

WATTS & SON, for appellant, cited Wood on Fire Insurance, §§ 382, 392, 395, 403, 408, 415; *Whipple v. Putnam Insurance*

[Waldman v. North British & Mercantile Insurance Company.]

*Co.*, 6 Lans. N. Y. 166; *Rowley v. Empire Insurance Co.*, 36 N. Y. 550; *Insurance Co. v. Fay*, 26 Mich. 467; *Insurance Co. v. Taylor*, 73 Penn. St. 343; 44 N. J. Law, 294; *Bodine v. Exchange Ins. Co.*, 51 N. Y. 566; 4 Camp. 88; 1 Esp. 61; 18 Hun, N. Y. 230; 49 Ala. 529; 58 Ala. 484; 86 Ala. 189.

TOMPKINS & TROY, *contra*, cited *Queen Insurance Co. v. Young*, 86 Ala. 424; *Phœnix Insurance Co. v. Copeland*, 90 Ala. 386; *Johnson v. Cunningham*, 1 Ala. 249; 1 Amer. & E. Encyc. Law, 368, n. 4; 40 N. J. Law, 343; 1 Wait's A. & D. 215, § 4; Mechem on Agency, §§ 197, 728–9; 58 N. H. 414; 13 Gray, 79.

McCLELLAN, J.—This action is upon a policy of fire insurance. The following is one of its stipulations: "  .  .  . or if the assured shall have, or shall hereafter make, any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of the company written hereon,  .  .  . then, and in every such case, this policy shall become void." The assured subsequently did make such other contract of insurance. No consent thereto was ever written on the policy. In point of fact, no notice thereof was ever brought home to the insurer, or to E. B. Joseph, its local agent, until after the loss for which recovery is now sought. None of these facts are controverted. One Gay was a clerk of the Capital City Insurance Company. Said Joseph was president of that company. He conducted the business of the defendant company in the office of the company of which he was president. Gay acted, in some sort, in the capacity of clerk to him, in respect to the business of the agency. It is claimed by the plaintiff that Gay had notice of the additional insurance, and waived the forfeiture operated thereby; but the evidence on the point is in direct conflict. Conceding, however, that he did, the question is, whether notice to him was notice to the company, and whether a waiver by him would bind the company. This depends, of course, upon the facts as to his relations with the company and with Joseph, its agent. Confessedly he was not the agent of the company. It had not employed him. It had not authorized him to act for it. It did not know him, or that he had ever assumed, or been employed by Joseph, to act for it. He was, however, in some manner, as we have seen, the clerk of Joseph in his business. In that capacity, he was to do mere clerical work. "He was to do what I told him to do", Joseph swears. He had authority from Joseph to fill out insurance policies, and he sometimes issued policies, signing Joseph's

name thereto with a stamp.    He also had authority from Joseph, it seems, to raise the rate of insurance in policies, and to indorse the fact upon them.    He did so, it appears, in this instance.    But the defendant company never knew about any of these things.    Joseph swears further that he had never authorized Gay to waive any of the conditions embodied in the policies of the defendant corporation.    These are all the facts found in the record as to the capacity in which Gay acted, and his authority in the premises.    There was no controversy as to any of them.

Upon this showing, our opinion is, that Gay was in no sense the agent of the defendant, nor authorized to bind it in any degree, nor was it affected by the alleged notice to him of the additional insurance.    The principle of law involved we find nowhere better stated than in Mechem on Agency, § 197, as follows : "If an agent employs a sub-agent for his principal, and by his authority, expressed or implied, then the sub-agent is the agent of the principal, . . . . But, if the agent, having undertaken to transact the business of his principal, employs a sub-agent on his own account, to assist him in what he has undertaken to do, he does so at his own risk, and there is no privity between such sub-agent and the principal.    The sub-agent, therefore, is the agent of the agent only, and is responsible to him for his conduct, while the agent is responsible to the principal for the manner in which the business has been done, whether by himself, or by his servant, or his agent;" and at § 728, where it is said : "The question whether notice to a sub-agent is notice to the principal, depends upon considerations already stated" [referring to § 197, quoted above].    "If the sub-agent be one whom the agent was expressly or impliedly authorized to appoint, he is deemed to be the agent of the principal, and notice to such sub-agent would be notice to the principal, as in the case of other agents.    But, if the sub-agent be the agent of the agent merely, then there is no privity between him and the principal, and his knowledge can not be imputed to the principal."

If it be conceded that Joseph, so far as in him lay, authorized and empowered Gay to waive the forfeiture operated by the additional insurance (though the evidence is without conflict to the contrary), and Gay attempted, by affirmative act or expressed consent (instead of the mere indorsement which he made on the policy raising the rate, after his alleged notice of additional insurance), to waive the forfeiture; yet his act or consent to that end would be entirely nugatory, so far as the right of the company to insist on the forfeiture is concerned. Joseph's agency must be considered in the light of a personal

trust, at least in respect to all matters embraced in it which involved the exercise of judgment and discretion, and especially with respect to so important a matter as the waiver of forfeitures stipulated for in the contract; a trust which he could not delegate to another, of whose capacity and integrity the principal may not have been advised, or which, had it been advised, would not have induced his employment.—1 Wait's Act. & Def. 215; *Johnson v. Cunningham,* 1 Ala. 258; *M. & M. L. Ins. Co. v. Huth,* 49 Ala. 538; *Litus v. C. & F. R. R. Co.,* 46 N. J. L. 393; 1 Amer. & Eng. Encyc. of Law, 368.

But, in point of uncontroverted fact, as we have seen, Gay had no authority, even from Joseph, to waive the forfeiture now relied on by the defendant. At the most, he was Joseph's agent to do certain things, clerical in their nature, or, at least, not including the act here involved. Joseph not only could not have authorized him to act in this matter, or put him forward as the representative of the company for the purposes of notice or otherwise in respect to the waiver now claimed, but he did not assume or undertake to do so. The case, in any aspect, is within the decision of the New Hampshire court, that "a person employed by an authorized agent of an insurance company to solicit application for insurance, receive premiums, and deliver policies, has no authority, by reason of such employment, to consent to additional insurance in other companies; and notice to him of such additional insurance is not notice to the company."—*Heath v. Ins. Co.,* 58 N. H. 414; also, *Tute v. C. M. F. Ins. Co.,* 13 Gray, 79; *Queen Ins. Co. v. Young,* 86 Ala. 424.

There are, it is true, cases in which the agent of the agent will become the agent of the original principal by implication of law, resulting from the sub-agent's having acted for so long for the principal, and so held himself out, or been held out by the agent as having authority to represent the principal, as that knowledge of his acts will be imputed to the company, it be held to a ratification of them, and estopped to deny responsibility therefor. Such was the case of *Bodine v. Exchange Fire Ins. Co.,* 51 N. Y. 117. But the evidence here falls very far short of the facts upon which the implication of agency was based in that, or any other case, of which we are advised. There is absolutely nothing in the facts of this case to raise up an imputation that the defendant corporation knew of Gay's alleged acts in representation of it, or ratified them, or did or omitted to do anything in respect to them, which will now operate an estoppel to deny responsibility for them.

Our conclusion is, therefore, that on the undisputed facts in

[White v. Levy.]

the case, the policy was forfeited by the additional insurance; that the company not only did not consent thereto, as provided for in the instrument, but had no notice thereof until after the loss, and hence could not have waived, and did not in point of fact waive the forfeiture. On the case as thus presented, the defendant was entitled to the general affirmative charge in the court below; and the judgment will not be disturbed for errors of law committed on the trial, since in no event could the plaintiff have been entitled to recover. 3 Brick. Dig. 405, § 22; *Foster v. Johnson*, 70 Ala. 249; *Harrison v. Palmer*, 76 Ala. 157; *Barker v. Barclift*, 1 b. 414; *T. C. S. O. Co. v. Perry*, 85 Ala. 158; *Sipsey River Nav. Co. v. Ga. Pac. Railway Co.*, 87 Ala. 154; *Stephens v. Regenstein*, 89 Ala. 561.

The judgment of the Circuit Court is affirmed.