(5 Misc. Rep. 414.)

## MENSING v. BIRNOAUM.

(Common Pleas of New York City and County, General Term. November 6, 1893.)

AUTHORITY OF AGENT—WEIGHT OF EVIDENCE.

In an action for breach of a contract of employment alleged to have been made on behalf of defendant by an agent, the extent of the agent's authority is a question of fact, and a finding on conflicting evidence will not be disturbed on appeal.

Appeal from fourth district court.

Action by Henry Mensing against Charles Z. Birnoaum to recover damages for defendant's alleged breach of a contract of employment with plaintiff's assignor. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

· Herbert J. Hindes, for appellant.
Nathan S. Levy, for respondent.

BISCHOFF, J. Plaintiff sued as assignee of one Hampton, an actor, to recover damages for the alleged breach of a contract of employment to perform at defendant's museum for one week, commencing May 1st, for $75, defendant having refused to receive the services on the day mentioned. The court below rendered judgment for defendant. The contract of employment was denied by defendant, and it was thus incumbent upon plaintiff to establish it by sufficient evidence. Towards that end, plaintiff proved that the contract was made with one Lyman, who assumed to act for defendant, and that Lyman claimed to act upon the instructions of Adams, defendant's general manager and business agent. Lyman, called as a witness for plaintiff, testified that Adams instructed him to employ plaintiff's assignor for one week, commencing May 1st, at $75. Adams, however, as a witness for defendant, deposed that he had not instructed Lyman to employ plaintiff's assignor, and, further, that he had only inquired of Lyman, who was engaged in the business of negotiating such contracts, to know if Hampton would be willing to accept an engage-

ment at defendant's museum for one week at $75, leaving the date for the commencement of Hampton's services to be agreed upon after Hampton's willingness to make the contract had been ascertained. Hampton, also examined as a witness for plaintiff, sought to corroborate Lyman by testifying to an interview with Adams, at which the latter is alleged to have said that he had decided to postpone the time for the commencement of Hampton's services to May 8th. Adams' version of this interview, however, is to the effect that he told Hampton that he would engage him for one week commencing May 8th. Accepting Adams' testimony as true, the facts do not warrant the interpretation that Lyman was authorized to conclude a contract for defendant with plaintiff's assignor, and that what passed between them was more than matter of mere preliminary negotiation; and, upon the conflict of evidence, it was the province of the trial justice—no jury trial having been asked for—to determine the facts, and with his determination of them adversely to plaintiff we can discover no sufficient ground for our interference. In effect, the justice determined that Lyman was not instructed to enter into any contract whatever with plaintiff's assignor on defendant's behalf. Lyman's assumption of authority did not operate to conclude defendant. The alleged contract upon which plaintiff sought to recover was therefore not shown ever to have had legal existence, and a judgment for defendant was the inevitable issue of the trial.

A further question which arises to refute plaintiff's alleged right to recover in this action is whether, observing the rule, "delegatus non potest delegare," Adams, whose duty it was, as defendant's agent, to employ artists and others whose services were required in defendant's business, could effectually delegate the authority to do so to Lyman, the performance of such duty manifestly requiring the exercise of judgment and discretion. Railroad Co. v. Metzger, (Com. Pl. N. Y.) 15 N. Y. Supp. 662; Carroll v. Tucker, 2 Misc. Rep. 397, 399, 21 N. Y. Supp. 952. However, it is unnecessary to discuss the question, since, as already stated, the judgment appealed from is unassailable upon the facts. Judgment affirmed, with costs.