Argued April 24, decided April 30, 1913, Motion to Retax Costs denied June 3, 1913.

## GADSBY v. GADSBY.

(131 Pac. 1022.)

**Divorce—Decree—Provisions for Maintenance—Modifications.**

A decree rendered by the Supreme Court on appeal which grants a divorce, and awards the custody of the children, and makes provisions for their maintenance and control, is subject to modification in the Circuit Court as to maintenance and control to the same extent as if originally entered there.

[As to effect of decrees of divorce, see note in 65 Am. Dec. 355. As to amendments of judgments after appeal, see note in 14 Am. Dec. 516.]

From Multnomah: WILLIAM N. GATENS, Judge.

This is a suit for divorce by Beatrice L. Gadsby against Walter M. Gadsby. From a decree dismissing the amended complaint of plaintiff and the cross-complaint of defendant, the plaintiff appeals.

REVERSED: DECREE RENDERED.

For appellant there was a brief over the names of *Messrs. Beach & Simon, Mr. Cicero M. Idleman* and *Mr. Charles W. Fulton,* with oral arguments by *Mr. Idleman* and *Mr. Fulton.*

For respondent there was a brief over the names of *Messrs. Schnabel & La Roche* and *Messrs. Carey & Kerr,* with oral arguments by *Mr. Walter P. La Roche* and *Mr. Charles H. Carey.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

The testimony in this case is voluminous, and the bulk of it comes from the parties and their immediate relatives, whose interference in the domestic affairs of these young people seems to have been the origin of their difficulties. In view of the interested character of the oral testimony, we rely mostly upon the correspondence between the parties, and this indicates clearly that the defendant refused to be reconciled to his wife, and repudiated her in the strongest language. She does not appear to have an ideal disposition and temperament, but there is nothing in the testimony to justify the extreme measures indicated by defendant in his letters. Taking this testimony in defendant's own handwriting, we conclude that the charge of desertion is made out by plaintiff. There is nothing in the contention that defendant was the owner of the real property described in the complaint or of any interest therein. We refrain from putting permanently into the reports of this court any account of the recriminations and disputes between the parties or their relatives, and content ourselves with merely stating our conclusions.

A decree will be entered here granting plaintiff a divorce from defendant and the custody of the minor child, and requiring defendant to pay to plaintiff $35

per month toward the support of said minor child.   It will be further directed that defendant be allowed to visit the child once a month if he so desires, and that he be respectfully received and treated on such visits. The provisions as to maintenance of and visiting the child are subject to modification in the Circuit Court to the same extent as if this decree had been originally entered in said court.

REVERSED : DECREE RENDERED.