## IN THE

# SUPREME COURT

### OF

# OREGON.

---

Argued February 8, affirmed February 16, 1915.

## BAUER *v.* NORTHWEST BLOWPIPE CO.

### (146 Pac. 129.)

**Principal and Agent—Authority and Power—Jury Question.**

1. The existence of an agent's authority is a question of fact, while his power under the authority is a question of law.

   [As to the general rules regarding the authority of agents, see note in 16 Am. St. Rep. 493.]

**Corporations—Ratification of Agent's Authority.**

2. Plaintiff alone, of all the stockholders of an insolvent corporation, paid in the amount of his subscription. The other stockholders and creditors desired to transfer the property to another company, which would pay a percentage of the debts of the insolvent company. Plaintiff objected, demanding payment for his stock subscriptions. The manager of defendant, the principal creditor of the insolvent company, was also president of the insolvent company. He agreed that, if plaintiff would consent to the transfer, the defendant company, of which he was manager, would pay plaintiff $500. Plaintiff consented, and the defendant, as its share, received nearly $1,500. *Held* that, though the manager of the defendant company was not authorized to make the agreement, defendant could not ratify it in part by receiving the dividend, and then deny its obligation to make payment to the plaintiff.

   [As to the contracts of agents, the ratification of which is not possible, see note in 59 Am. St. Rep. 638.]

**Corporations—General Agent—Powers of.**

3. *Held* that, as the agreement to make the payment to plaintiff was incidental to the main settlement, it was binding on the defendant, for it was made by its general agent, who was authorized to make the settlement, and a principal is bound by the acts of an agent within the scope of his general authority, though the agent violate private instructions.

75 Or.—1

Contracts—Consideration—Sufficiency.

4. *Held*, that the agreement was supported by sufficient consideration.

> [As to the burden of proving want of consideration, see note in 135 Am. St. Rep. 763.]

Frauds, Statute of—Payment of Debt of Another.

5. *Held*, that the promise was not within the statute of frauds, being a promise by the defendant to pay its own debt, and not that of another.

Trial—Jury Question.

6. Where the averments of the complaint were supported by substantial evidence, the case should be submitted to the jury.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action instituted by Charles Bauer against the Northwest Blowpipe Company for the collection of $500, which he claims the company promised and agreed to pay him in consideration that he would agree to the sale of the fixtures, furniture and interest of the Portland Bar & Fixture Company, an insolvent corporation, to the Pacific Fixture & Cabinet Company for 60 cents on the dollar. Plaintiff alleges that H. E. Jaeckel was a stockholder of the Portland Bar & Fixture Company, and also an officer and manager of the Northwest Blowpipe Company.

The answer admits that plaintiff Bauer and the defendant H. E. Jaeckel were stockholders of the Portland Bar & Fixture Company, and that Jaeckel was representing the Northwest Blowpipe Company at the meeting of the stockholders and creditors of the former corporation. Every other material allegation of the plaintiff's complaint is denied.

The plaintiff filed a reply in which he alleges that H. E. Jaeckel was an officer and stockholder of the Northwest Blowpipe Company, and that he agreed to pay the plaintiff the sum of $500. Thereafter a trial

was had before a jury, and a verdict was rendered against the Northwest Blowpipe Company for the sum of $500. From a judgment thereon the defendant appeals. The rulings of the court in refusing to grant a nonsuit or give a directed verdict, in giving certain instructions to the jury, and in not giving those requested by the defendant, are assigned as errors.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief over the name of. *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. L. L. Schmitt.*

MR. JUSTICE BEAN delivered the opinion of the court.

The evidence introduced tended to show the following circumstances: The plaintiff invested $1,000 cash in the capital stock of the Portland Bar & Fixture Company, which corporation in about a year thereafter became insolvent, for the reason that all the other stock subscriptions were never paid. The stockholders outside of the plaintiff offered to sell and transfer all the interest of the company to the Pacific Fixture & Cabinet Company in consideration that the latter would pay 60 per cent on the dollar to all the creditors of the insolvent corporation. After this proposal and an investigation of the affairs of the Portland Bar & Fixture Company by the Pacific Cabinet Company, a meeting of all the stockholders and creditors of the insolvent corporation was held on January 6, 1913, to consider the proposed sale and transfer. To this proposition plaintiff objected, and refused to consent unless he should be reimbursed for

the $1,000 he had invested in its stock, for the reason that he was the only stockholder who had any cash invested therein. Mr. H. E. Jaeckel was present at the stockholders' and creditors' meeting as one of its largest shareholders. He was president and manager of the Northwest Blowpipe Company, which was one of the largest creditors of the insolvent corporation. The sale and transfer could not be consummated unless plaintiff withdrew his objections and consented to the same, therefore the creditors persuaded plaintiff, Bauer, to accept $500 in settlement of his claim. They then prevailed upon Mr. Jaeckel, who represented the defendant corporation, that, inasmuch as it had received the most profitable business during the existence of the insolvent company and was one of the largest creditors, it should pay the plaintiff the $500; otherwise nothing could be realized by the creditors. It was then and there specifically agreed between Bauer and the defendant company that the plaintiff would consent to the sale and transfer in consideration of the defendant corporation paying him $500 out of the 60 per cent it would realize on its claim if the sale was consummated. The transfer was thereupon made in all respects as contemplated, and the defendant corporation received $1,333.05 as 60 per cent of its claim against the insolvent company.

1–4. It is pleaded by defendant and urged by its counsel that Mr. Jaeckel, its manager, was never authorized by the defendant corporation to make the agreement to pay plaintiff, and that there was no consideration therefor. The existence of the agent Jaeckel's authority is purely a question of fact. What he could do by virtue of it is a question of law: *Glenn v. Savage*, 14 Or. 567, 577 (13 Pac. 442). It is shown by the evidence that on January 13, 1913, pursuant to

the settlement and purchase of the assets of the insolvent corporation by the Pacific Fixture & Cabinet Company, the latter, in payment of the 60 per cent of the claim of the Northwest Blowpipe Company, executed its check for $1,333.05 in favor of the defendant, and delivered the same to Mr. Jaeckel for that company. The check was indorsed as follows: "Northwest Blowpipe Co., H. E. Jaeckel, Manager"—and that company received the benefit of the settlement and proceeds of the check. The agreement as to the settlement by the creditors of the Portland Bar & Fixture Company was signed on behalf of the Northwest Blowpipe Company, by H. E. Jaeckel, president. He attended the creditors' meeting and transacted the business pertaining to the transfer and settlement as a representative of that company. Mr. E. A. Reichel, who acted in behalf of the Pacific Fixture & Cabinet Company in making the purchase, testified to the effect that it was understood that plaintiff, Bauer, was to be taken care of, and that Mr. Jaeckel agreed to pay Bauer $500 out of the fund he was to receive in the transaction in order to have the transfer made. Even though it be conceded that Jaeckel was not authorized to make the agreement for the defendant company, it is a well-settled rule which is often applied that, where a principal elects to ratify a part of the unauthorized act of an agent, he must ratify the whole. Where a contract has been entered into by one man as the agent of another, the principal on whose behalf it has been made cannot take the benefit of it without bearing its burdens: *Rudasill* v. *Falls,* 92 N. C. 222; *La Grande National Bank* v. *Blum,* 27 Or. 215 (41 Pac. 659); *McLeod* v. *Despain,* 49 Or. 536, 552 (90 Pac. 492, 92 Pac. 1088, 124 Am. St. Rep. 1066, 19 L. R. A. (N. S.) 276); *Wehrung* v. *Portland Country Club,* 61 Or. 48, 51 (120

Pac. 747); *Wilson* v. *McCarthy*, 66 Or. 498 (134 Pac. 1191). Jaeckel was the general agent or manager of the defendant. Where an agency is general, the principal will be bound by all the acts of his agent within the scope of the general authority conferred by him, although the agent should violate his private instruction: Story on Contracts, § 134. The agreement made between plaintiff and defendant acting by its officer was an incident to the main transaction or settlement and within the same general scope. The agreement was based on the consideration of the consent of plaintiff to the transfer of the property of the Portland Bar & Fixture Company, in which he had invested $1,000. The consideration was sufficient: *Weisel* v. *Spence*, 59 Wis. 301 (18 N. W. 165).

5. When the defendant company, in order to perfect the arrangement, promised to pay plaintiff $500 out of the amount which it received, it was an agreement to pay its own debt, and not that of another. If the leading object of the promisor is not to become surety or guarantor of another, but to promote or subserve some interest of his own, his oral promise to pay the amount of another's debt is not within the statute of frauds: *Frohardt Bros.* v. *Duff*, 156 Iowa, 144 (135 N. W. 609, 40 L. R. A. (N. S.) 242, 247); *Rose* v. *Wollenberg*, 31 Or. 269 (44 Pac. 382, 65 Am. St. Rep. 826, 39 L. R. A. 378); *Peterson* v. *Creason*, 47 Or. 69, 71, 72 (81 Pac. 574).

6. The court instructed the jury to the effect that, if they found that the corporation, by its officers, authorized the officers of the corporation to pay this $500 in consideration that he would let the sale go through, and that if they found from the evidence that the defendant promised to pay the plaintiff $500 with the view and intent of *obtaining* thereby a benefit to itself,

and did, in fact, receive a benefit therefrom, then the plaintiff was entitled to a verdict at their hands, and that if it was Mr. Jaeckel's personal agreement, then their verdict should be for defendant. The case was fairly submitted to the jury upon the law as briefly indicated herein. After a careful examination of the defendant's requested instructions, we think that, in so far as the same were applicable to the case and proper, they were covered by the charge of the court to the jury. There was sufficient substantial evidence tending to establish the material averments of the complaint, the motion for a nonsuit was properly denied, and there was no error in the refusal of the court to direct a verdict in favor of defendant: *Galvin* v. *Brown & McCabe,* 53 Or. 598 (101 Pac. 671); *Harding* v. *Oregon-Idaho Co.,* 57 Or. 34 (110 Pac. 412); *Harrison* v. *Birrell,* 58 Or. 410 (115 Pac. 141).

It follows that the judgment of the lower court should be affirmed, and it is so ordered.   Affirmed.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice Harris concur.