## ADOLPH HAMRIN v. THOMPSON YARDS, INC. AND ANOTHER.[1]

November 10, 1927.

No. 26,156.

**Defendant corporation not liable for negligence of its attorney in driving his car.**

The defendant Lauber went in his car from Minneapolis to St. Cloud on specific legal business for the defendant Thompson Yards, Inc. Granrud, an attorney employed in the office of the corporation, went with him. Lauber attended to the legal business. Granrud did not participate in it. Lauber drove the car. Granrud did not drive and neither assumed nor had control or direction of the car. On their return the plaintiff, a pedestrian on the road, was struck and injured. It is *held* that the corporation was not liable for the negligence, if any, of Lauber, upon the theory that they were engaged in a joint venture, nor upon the theory that the relationship of master and servant existed.

Master and Servant, 39 C. J. p. 1324 n. 11.
Motor Vehicles, 42 C. J. p. 1129 n. 6.

[1]Reported in 216 N. W. 247.

Plaintiff appealed from an order of the district court for Hennepin county, Leary, J., denying his motion for a new trial against the defendant Thompson Yards, Inc. Affirmed.

Schwartz & Halpern, for appellant.

Clapp, Richardson, Elmquist, Briggs & Macartney and W. C. Gilbert, for respondent.

DIBELL, J.

Action against Thompson Yards, Inc. and John C. Lauber to recover for an injury sustained on January 23, 1926, by the plaintiff, a pedestrian, when struck by an auto driven by Lauber. The court directed a verdict in favor of Thompson Yards, Inc. The jury found a verdict for $500 against Lauber. The plaintiff moved for a new trial against Thompson Yards, Inc. It was denied, and he appeals. Lauber is not concerned with the appeal.

The defendant Lauber, one Granrud, and one Nelson were attorneys in the office of Thompson Yards, Inc. for several years attending to credits and collections and to legal proceedings. They used the name Granrud, Lauber & Nelson when they signed legal papers. They were not copartners. They were salaried employes. Defendant Lauber left the employ of Thompson Yards, Inc. on January 1, 1924, and formed a copartnership in Minneapolis. Prior to January 1, 1924, suit was commenced against the Standard Home Building Company. The papers were signed in the name of the three attorneys. After Lauber left the employ of the corporation he attended to some legal business for it. The case against the Standard company was given him for attention about February 1, 1924, and he attended to it as the attorney of the corporation just as another attorney might have done.

Lauber went to St. Cloud on the day of the accident and made a levy on a debt owing to the Standard company. He told Granrud his plan, and Granrud said he would go along. They went in Lauber's auto. The business was transacted, and on the return the plaintiff was injured. Lauber transacted the business at St. Cloud. Granrud did not take part in it nor assume any control or direction. Lauber drove the car. Granrud had nothing to do with its oper-

ation or movements, directly or indirectly. When they were at St. Cloud Granrud paid for their lunches and paid for the gas at the filling station when they started on their return. These are unimportant incidents quite as much in favor of the defendant as the plaintiff.

In our judgment a fair reading of the evidence does not permit a finding that Lauber and the Thompson Yards were engaged in a joint venture so that the corporation was responsible for his negligence. Granrud was interested as an office attorney of the corporation, but it was Lauber's expedition as attorney of the corporation in doing specific legal business. Nor was Lauber an employe for whose acts while driving his auto in making a collection or doing other legal business the defendant company was liable to a pedestrian injured through his negligence. He was not in its general employ. He was employed as an attorney in general practice is employed by a corporation. He was not under its specific direction when he went to St. Cloud. He could have gone by train or bus or he could have transacted the business by correspondence. Neither his method of transportation nor his method of doing the business in hand was directed by the corporation. He was as free in his choice of methods and time as an attorney generally is. He was an independent contractor, if that term be applicable in such a case as this. The corporation was not responsible because he was negligent in driving his auto.

No case alike on its facts is cited. We are content to hold that under the evidence presented there is no liability and that the trial court's direction of a verdict was right. The following may be noted: Dun. Dig. §§ 5833-5835, 5840-5843, 7038; Blashfield, Cyc. Auto. Law, 1357, §§ 1-2, 1483, §§ 1, 2, 3, 5; Berry, Automobiles (5 ed.) § 591, et seq.

Order affirmed.