Plaintiff recovered judgment against defendants Walton Shea and New Jersey Fidelity Plate Glass Insurance Co., from which the latter appeals. Reversed.
Plaintiff recovered judgment in the sum of $50,570 against defendants for personal injuries received in a collision with an automobile driven by defendant Shea. The collision occurred on the thirty-first day of March, 1928, at about the hour of 9 o'clock A.M. Plaintiff was driving a team and wagon along the Pacific Highway about six miles north of the City of Salem in the intersection of Quimby Road with said Pacific Highway. Defendant Shea was driving his
See 21 R.C.L. 822. *Page 197 
automobile along the same highway at said time and collided with plaintiff's team and wagon while the latter was in said intersection. One Plant carried an insurance policy with defendant corporation. He met with an accident near Albany, seriously damaging his car. Albany is about thirty-two miles south of the scene of the collision. He promptly notified the agent of defendant corporation that he could not bring the car into Portland on its own power. The agent of the defendant corporation thereupon instructed him to have the car repaired at Albany. The party repairing the car would not allow the car to be taken out until he was either paid or his bill for his services guaranteed. E.L. McDougal, attorney of record for defendant corporation, was also its adjuster. The agent of defendant corporation referred to said McDougal the matter of adjusting the loss of Mr. Plant. Defendant Shea was a law student in the employ of said McDougal and in that capacity did all kinds of service. Defendant Shea was on his way to Albany to make the adjustment of Mr. Plant's loss when the collision occurred.
Defendant Shea is accused of driving his said automobile:
"At a high, reckless and dangerous rate of speed, approaching the plaintiff's team and wagon from the rear thereof and at said time and place said automobile ran into and struck said wagon on which plaintiff was riding with great force and violence thereby throwing plaintiff from the said wagon and onto his head upon the macadam roadway of Quimby Road thereby inflicting upon plaintiff great bodily injuries * *."
Defendants answered separately. Defendant New Jersey Fidelity 
Plate Glass Insurance Company's answer is made up of denials and a further and separate *Page 198 
answer which after alleging the incorporation of defendant corporation alleges as follows:
"That during all the times mentioned in plaintiff's complaint this answering defendant did not have one Walton Shea in its employ and had no knowledge of the existence of the said Walton Shea and if the said Walton Shea was performing any work or services for this answering defendant, it was of an independent nature and voluntary and without the knowledge or consent of this answering defendant."
The reply denies this allegation. The judgment is against both defendants and follows the verdict. Defendant corporation only appeals. It assigns twelve alleged errors. The first two assignments are based on the court's refusal to grant defendant corporation a nonsuit at the close of plaintiff's case in chief and defendant corporation's motion for a directed verdict in favor of said corporation and against plaintiff at the close of the testimony. The third, fourth, fifth, sixth and seventh assignments are based on the admission of certain testimony and exhibits. The eighth assignment is the court's refusal to give an instruction directing the jury to return a verdict in favor of defendant corporation. The ninth and tenth assignments are based on the court's refusal to give two other certain instructions; one to the effect that defendant Shea was not an agent or employee of the defendant corporation and the other was an instruction to the effect that he was an independent contractor at the time the injuries were received by plaintiff. The eleventh assignment was based on the court's instruction to the jury bearing on the question of ratification, and the twelfth was based on the court's order striking from the testimony of Dr. Hicks C. Fenton, a witness for defendants, certain *Page 199 
portion of his answer to a question. These twelve assignments of error are treated under three propositions of law. The first of which is stated as follows:
"At the time of the accident involved in this action the defendant Shea did not bear such a relation to this appellant as to cast upon this appellant responsibility for the results of that accident."
The second:
"There was no evidence produced in this case which justified any instruction on the doctrine of ratification."
The third:
"The opinion of an expert witness may be admitted to show the probable future consequences of a physical condition, and for that purpose it is proper for the witness to explain to a jury the usual consequences occurring to other persons who have suffered from a similar condition."
Under these three propositions of law the appellant-defendant corporation presents all of the assignments of error. REVERSED.
The case hinges entirely on the question of whether or not defendant Shea was an agent or servant of his co-defendant, New Jersey Fidelity Plate Glass Insurance Company. If he was not such agent or servant, then defendant corporation is not liable for his negligence. Defendant can be *Page 200 
liable only under the theory that defendant corporation was defendant Shea's master and by reason of that relation must respond to damages caused by the neglect of its servant, the said Shea: Khoury v. Edison Electric Illuminating Co. (Mass.),164 N.E. 77; Hamrin v. Thompson Yards, Inc., 172 Minn. 536
(216 N.W. 247); notes, 17 A.L.R. 621; 29 A.L.R. 470; 54 A.L.R. 527; Mechem on Agency (2 ed.), 183, § 255.
E.L. McDougal was retained by defendant corporation as its attorney at law. He was appointed the adjuster for defendant corporation. An adjuster of a corporation cannot delegate his authority without special authorization from his principal. An adjuster holds a position of trust requiring special knowledge and skill in the performance of his duties. His relation to his principal is analogous to that of an independent contractor: 2 C.J. 424 (§ 10); Roemhild v. Home Ins. Co., ante, p. 50 (278 P. 87, 89), decided May 28, 1929, wherein Mr. Justice RAND states:
"An adjuster is a person who is selected because of his special skill and fitness and, as in all cases of delegated authority where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another unless there be a special power of substitution. (Lyon v. Jerome, 26 Wend. 484 [37 Am. Dec. 271].)"
"An agent of the company authorized to adjust a loss and selected for such purpose by reason of his special skill and fitness has no implied power to delegate his authority." 33 C.J. 37.
Ruthven Bros. v. American Fire Ins. Co., 92 Iowa, 316
(60 N.W. 663); Royal Ins. Co. v. Eggleston, 19 Ala. App. 638
(99 So. 828, 829); Waldman v. *Page 201 North British Mercantile Ins. Co., 91 Ala. 170 (8 So. 666, 24 Am. St. Rep. 883); 1 Cooley's Briefs on Insurance, 473;Wright v. Boynton, 37 N.H. 9 (72 Am. Dec. 319, 320).
"In all cases of delegated authority, where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to this judgment or discretion, the authority is purely personal and cannot be delegated to another, unless there be a special power of substitution." Helwig v. City of Gloversville, 158 N.Y. Supp. 477, and cases there cited.
To the same effect is Carroll v. Tucker, 2 Misc. Rep. 397-399 (21 N.Y. Supp. 952).
There is no evidence tending to prove or from which an inference may be drawn that defendant corporation had ever acknowledged defendant Shea to be its agent. The acts and conduct of defendant Shea, the agent of the company and the company adjuster, Mr. McDougal, go no further than to tend to prove that Shea was a servant of said McDougal. This relation is discussed in 1 Mechem on Agency (2 ed.), pp. 241, 243, Section 330:
"In order to justify the inference of an employment as the principal's agent, the circumstances must be such as to reasonably warrant the conclusion that the principal has taken the subagent as his agent, and thereby, ordinarily, becoming liable for his compensation, assuming responsibility for his conduct, accepting the subagent's responsibility to him, and releasing the original agent from such responsibility."
Ordinarily whether or not a servant or agent of an agent is an agent of the principal is a question of fact. There must be some evidence or facts from which an inference can be legally drawn of the consent of the principal that the subagent is the principal's *Page 202 
agent. There is no evidence or testimony from which an inference can be drawn that defendant corporation ever consented to or had any knowledge that its co-defendant Shea was acting as its agent. The acts done by defendant Shea at Albany in checking up the bill of the garage which repaired the automobile was done in the name of his employer, Mr. McDougal. Mr. Shea's card, introduced by plaintiff, is simply his name on the card of Mr. McDougal. Now, in the light of the law that McDougal as an adjuster had no authority to delegate his powers as such adjuster, these circumstances and said card are no evidence of a special authority invested in said McDougal to appoint subagents or of the consent of defendant corporation to Shea acting as its agent. Defendant corporation is not shown to be liable to Shea for his compensation. It did not own the machine in which Shea was traveling. It had no control at all over Shea. Shea did not report to the company but to his own employer, Mr. McDougal; consequently none of the evidence tends to establish the relation of principal and agent between defendant corporation and defendant Shea. Without that defendant corporation is not liable to plaintiff for Shea's negligence.
E.L. McDougal, the employer of defendant Shea, was admittedly adjuster for defendant corporation. As such adjuster he was an agent of defendant corporation. Plaintiff presents his case as though that relation authorized him to appoint subagents, but authority does not follow as shown by the authorities cited above, nor does it follow because McDougal was agent of defendant corporation that it would be liable for results of McDougal's negligence in the performance of his duties as such adjuster. McDougal's *Page 203 
position as adjuster is analogous to the relation of an independent contractor to his principal. The insurance company would not have any control over the manner in which its adjuster, McDougal, performed his duties. Defendant corporation was interested only in the results accomplished. Mr. McDougal could go to the place where the adjustment must be made by any means of travel chosen by him. He could employ clerks and other servants, but he was responsible for their conduct. They looked to him for pay and were responsible to him. He may be responsible for their negligence committed in the performance of their duty: 1 Mechem on Agency (2 ed.), p. 246, § 343; 2 Mechem on Agency (2 ed.), p. 1453, § 1870; Ramp v. Osborne, 115 Or. 672, 680 et seq. (239 P. 112).
"In the present case the sole interest of the defendant was that Parnell should be at places where the defendant had work to be performed, leaving the means of transportation to Parnell's decision and convenience, but limiting the liability for expense to the defendant to an amount equivalent to the fares of a common carrier. * * If he chose to use his car instead of traveling by a common carrier to go to a particular place, a finding would not be warranted that the defendant had any control over him in the operation of the car or responsibility for the condition of its brakes, lights, or other parts." Khoury v. Edison ElectricIlluminating Co. (Mass.), 164 N.E. 77, decided December 14, 1928.
See Oregon Fisheries Co. v. Elmore Packing Co., 69 Or. 340
(138 P. 862); Cooley on Torts (3 ed.), 1088, 1092; Post Pub.Co. v. Schickling, 22 Ohio App. 318 (154 N.E. 751); Hamrin
v. Thompson Yards, Inc., 172 Minn. 536 (216 N.W. 247); Bell
v. State, 153 Md. 333 (138 A. 227, 58 A.L.R. 1051); Call v.Detroit *Page 204 Journal Co., 191 Mich. 405 (158 N.W. 36, 19 A.L.R. 1164), and notes recorded in 17 A.L.R. 621, 622, 29 A.L.R. 470, 54 A.L.R. 627; Giroud v. Stryker Transp. Co. (N.J. Err. App.),140 A. 305, 306, point 3; Bojarski v. Howlett, Inc., 291 Pa. 485
(140 A. 544); 39 C.J. 1316, 1318, § 1518; Sorenson v.Smith, 65 Or. 78 (129 P. 757, 131 P. 1022, Ann. Cas. 1915A, 1127, 51 L.R.A. (N.S.) 612).
Since E.L. McDougal was not authorized to delegate his authority as an adjuster and he is an independent contractor, or sustains a relation to his principal similar to an independent contractor, defendant corporation is not liable for the negligence of defendant Shea. If said E.L. McDougal had been driving his own car instead of Shea, defendant corporation would not have been liable to plaintiff. Defendant corporation for the same reason is not liable for the damages resulting from defendant Shea's negligence, notwithstanding he was going to Albany to attend to business for defendant corporation. Defendant corporation had no control of Shea's car, did not employ Shea, was under no obligations to pay Shea and did not assume at any time to regulate or prescribe the detailed manner in which Shea's employer McDougal should transact the business submitted to him by defendant corporation.
Nothing herein stated must be taken as an expression of the court's opinion as to the liability of McDougal either to defendant corporation or to plaintiff. McDougal is not a party to this action and would not be bound by anything the court might say in that behalf. There is no intention on the part of the court to express any opinion as to the liability or nonliability of McDougal for the injuries sustained by plaintiff. *Page 205 
The authorities cited by plaintiff to sustain his position are nearly all based upon cases where the offending employee was driving his master's car. In such cases the plaintiff was entitled to the presumption that one driving the owner's car was authorized to drive it and was engaged in his employer's business. That presumption is some evidence which the jury must consider: Dalrymple v. Covey Motor Car Co., 66 Or. 533
(135 P. 91, 48 L.R.A. (N.S.) 424). Ordinarily the question of whether or not one is an agent of a principal is a question of fact, but where the evidence is not disputed nor different inferences deduced therefrom, then the question is one of law. When an agency has been proved, the extent of that agency and the agent's authority is a question of law: Bauer v. NorthwestBlowpipe Co., 75 Or. 1, 4 (146 P. 129).
It is strenuously contended by plaintiff that defendant corporation has ratified the acts of its co-defendant Shea. We do not think there is any material evidence tending to prove ratification. Everything that Shea did in the premises was done in the name of his employer McDougal. There is no evidence tending to show that its adjuster, McDougal, had attempted to delegate his authority. Shea reported to McDougal, not to defendant corporation. Shea never represented himself, so far as the evidence shows, to be an agent of the defendant corporation but solely as an agent or employee of McDougal. For these reasons and the other reasons hereinbefore stated for the nonliability of defendant corporation, we hold that there is no evidence of ratification by defendant corporation.
The judgment against defendant corporation is reversed. The cause is remanded, with instruction to *Page 206 
the Circuit Court to sustain the motion for a directed verdict in favor of defendant, New Jersey Fidelity Plate Glass Insurance Company.
REVERSED, WITH DIRECTIONS.
BELT and BEAN, JJ., concur.
BROWN, J., absent.