Argued April 9, reversed July 23, 1929.

# ROSS B. CLARK *v.* WALTON SHEA ET AL.

(279 Pac. 539.)

For appellant there was a brief over the names of *Mr. E. L. McDougal, Mr. Randall S. Jones* and *Messrs. Jaureguy & Tooze*, with an oral argument by *Mr. Nicholas Jaureguy*.

For respondent there was a brief and oral arguments by *Mr. Keith A. Caldwell* and *Mr. R. L. Reilly*.

COSHOW, C. J.— The case hinges entirely on the question of whether or not defendant Shea was an agent or servant of his co-defendant, New Jersey Fidelity & Plate Glass Insurance Company. If he was not such agent or servant, then defendant corporation is not liable for his negligence. Defendant can be

liable only under the theory that defendant corporation was defendant Shea's master and by reason of that relation must respond to damages caused by the neglect of its servant, the said Shea: *Khoury* v. *Edison Electric Illuminating Co.* (Mass.), 164 N. E. 77; *Hamrin* v. *Thompson Yards, Inc.,* 172 Minn. 536 (216 N. W. 247); notes, 17 A. L. R. 621; 29 A. L. R. 470; 54 A. L. R. 527; Mechem on Agency (2 ed.), 183, § 255.

■ ■ E. L. McDougal was retained by defendant corporation as its attorney at law. He was appointed the adjuster for defendant corporation. An adjuster of a corporation cannot delegate his authority without special authorization from his principal. An adjuster holds a position of trust requiring special knowledge and skill in the performance of his duties. His relation to his principal is analogous to that of an independent contractor: 2 C. J. 424 (§ 10); *Roemhild* v. *Home Ins. Co., ante,* p. 50 (278 Pac. 87, 89), decided May 28, 1929, wherein Mr. Justice RAND states:

"An adjuster is a person who is selected because of his special skill and fitness and, as in all cases of delegated authority where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another unless there be a special power of substitution. (*Lyon* v. *Jerome,* 26 Wend. 484 [37 Am. Dec. 271].)"

"An agent of the company authorized to adjust a loss and selected for such purpose by reason of his special skill and fitness has no implied power to delegate his authority." 33 C. J. 37.

*Ruthven Bros.* v. *American Fire Ins. Co.,* 92 Iowa, 316 (60 N. W. 663); *Royal Ins. Co.* v. *Eggleston,* 19 Ala. App. 638 (99 South. 828, 829); *Waldman* v.

*North British & Mercantile Ins. Co.*, 91 Ala. 170 (8 South. 666, 24 Am. St. Rep. 883); 1 Cooley's Briefs on Insurance, 473; *Wright* v. *Boynton*, 37 N. H. 9 (72 Am. Dec. 319, 320).

"In all cases of delegated authority, where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to this judgment or discretion, the authority is purely personal and cannot be delegated to another, unless there be a special power of substitution." *Helwig* v. *City of Gloversville*, 158 N. Y. Supp. 477, and cases there cited.

To the same effect is *Carroll* v. *Tucker*, 2 Misc. Rep. 397–399 (21 N. Y. Supp. 952).

 There is no evidence tending to prove or from which an inference may be drawn that defendant corporation had ever acknowledged defendant Shea to be its agent. The acts and conduct of defendant Shea, the agent of the company and the company adjuster, Mr. McDougal, go no further than to tend to prove that Shea was a servant of said McDougal. This relation is discussed in 1 Mechem on Agency (2 ed.), pp. 241, 243, Section 330:

"In order to justify the inference of an employment as the principal's agent, the circumstances must be such as to reasonably warrant the conclusion that the principal has taken the subagent as his agent, and thereby, ordinarily, becoming liable for his compensation, assuming responsibility for his conduct, accepting the subagent's responsibility to him, and releasing the original agent from such responsibility."

Ordinarily whether or not a servant or agent of an agent is an agent of the principal is a question of fact. There must be some evidence or facts from which an inference can be legally drawn of the consent of the principal that the subagent is the prin-

cipal's agent. There is no evidence or testimony from which an inference can be drawn that defendant corporation ever consented to or had any knowledge that its co-defendant Shea was acting as its agent. The acts done by defendant Shea at Albany in checking up the bill of the garage which repaired the automobile was done in the name of his employer, Mr. McDougal. Mr. Shea's card, introduced by plaintiff, is simply his name on the card of Mr. McDougal. Now, in the light of the law that McDougal as an adjuster had no authority to delegate his powers as such adjuster, these circumstances and said card are no evidence of a special authority invested in said McDougal to appoint subagents or of the consent of defendant corporation to Shea acting as its agent. Defendant corporation is not shown to be liable to Shea for his compensation. It did not own the machine in which Shea was traveling. It had no control at all over Shea. Shea did not report to the company but to his own employer, Mr. McDougal; consequently none of the evidence tends to establish the relation of principal and agent between defendant corporation and defendant Shea. Without that defendant corporation is not liable to plaintiff for Shea's negligence.

E. L. McDougal, the employer of defendant Shea, was admittedly adjuster for defendant corporation. As such adjuster he was an agent of defendant corporation. Plaintiff presents his case as though that relation authorized him to appoint subagents, but authority does not follow as shown by the authorities cited above, nor does it follow because McDougal was agent of defendant corporation that it would be liable for results of McDougal's negligence in the performance of his duties as such adjuster. McDougal's

position as adjuster is analogous to the relation of an independent contractor to his principal. The insurance company would not have any control over the manner in which its adjuster, McDougal, performed his duties. Defendant corporation was interested only in the results accomplished. Mr. McDougal could go to the place where the adjustment must be made by any means of travel chosen by him. He could employ clerks and other servants, but he was responsible for their conduct. They looked to him for pay and were responsible to him. He may be responsible for their negligence committed in the performance of their duty: 1 Mechem on Agency (2 ed.), p. 246, § 343; 2 Mechem on Agency (2 ed.), p. 1453, § 1870; *Ramp* v. *Osborne,* 115 Or. 672, 680 et seq. (239 Pac. 112).

"In the present case the sole interest of the defendant was that Parnell should be at places where the defendant had work to be performed, leaving the means of transportation to Parnell's decision and convenience, but limiting the liability for expense to the defendant to an amount equivalent to the fares of a common carrier. * * If he chose to use his car instead of traveling by a common carrier to go to a particular place, a finding would not be warranted that the defendant had any control over him in the operation of the car or responsibility for the condition of its brakes, lights, or other parts." *Khoury* v. *Edison Electric Illuminating Co.* (Mass.), 164 N. E. 77, decided December 14, 1928.

See *Oregon Fisheries Co.* v. *Elmore Packing Co.,* 69 Or. 340 (138 Pac. 862); Cooley on Torts (3 ed.), 1088, 1092; *Post Pub. Co.* v. *Schickling,* 22 Ohio App. 318 (154 N. E. 751); *Hamrin* v. *Thompson Yards, Inc.,* 172 Minn. 536 (216 N. W. 247); *Bell* v. *State,* 153 Md. 333 (138 Atl. 227, 58 A. L. R. 1051); *Call* v. *De-*

*troit Journal Co.*, 191 Mich. 405 (158 N. W. 36, 19 A. L. R. 1164), and notes recorded in 17 A. L. R. 621, 622, 29 A. L. R. 470, 54 A. L. R. 627; *Giroud* v. *Stryker Transp. Co.* (N. J. Err. & App.), 140 Atl. 305, 306, point 3; *Bojarski* v. *Howlett, Inc.*, 291 Pa. 485 (140 Atl. 544); 39 C. J. 1316, 1318, § 1518; *Sorenson* v. *Smith*, 65 Or. 78 (129 Pac. 757, 131 Pac. 1022, Ann. Cas. 1915A, 1127, 51 L. R. A. (N. S.) 612).

Since E. L. McDougal was not authorized to delegate his authority as an adjuster and he is an independent contractor, or sustains a relation to his principal similar to an independent contractor, defendant corporation is not liable for the negligence of defendant Shea. If said E. L. McDougal had been driving his own car instead of Shea, defendant corporation would not have been liable to plaintiff. Defendant corporation for the same reason is not liable for the damages resulting from defendant Shea's negligence, notwithstanding he was going to Albany to attend to business for defendant corporation. Defendant corporation had no control of Shea's car, did not employ Shea, was under no obligations to pay Shea and did not assume at any time to regulate or prescribe the detailed manner in which Shea's employer McDougal should transact the business submitted to him by defendant corporation.

Nothing herein stated must be taken as an expression of the court's opinion as to the liability of McDougal either to defendant corporation or to plaintiff. McDougal is not a party to this action and would not be bound by anything the court might say in that behalf. There is no intention on the part of the court to express any opinion as to the liability or nonliability of McDougal for the injuries sustained by plaintiff.

■ The authorities cited by plaintiff to sustain his position are nearly all based upon cases where the offending employee was driving his master's car. In such cases the plaintiff was entitled to the presumption that one driving the owner's car was authorized to drive it and was engaged in his employer's business. That presumption is some evidence which the jury must consider: *Dalrymple* v. *Covey Motor Car Co.*, 66 Or. 533 (135 Pac. 91, 48 L. R. A. (N. S.) 424). Ordinarily the question of whether or not one is an agent of a principal is a question of fact, but where the evidence is not disputed nor different inferences deduced therefrom, then the question is one of law. When an agency has been proved, the extent of that agency and the agent's authority is a question of law: *Bauer* v. *Northwest Blowpipe Co.*, 75 Or. 1, 4 (146 Pac. 129).

It is strenuously contended by plaintiff that defendant corporation has ratified the acts of its co-defendant Shea. We do not think there is any material evidence tending to prove ratification. Everything that Shea did in the premises was done in the name of his employer McDougal. There is no evidence tending to show that its adjuster, McDougal, had attempted to delegate his authority. Shea reported to McDougal, not to defendant corporation. Shea never represented himself, so far as the evidence shows, to be an agent of the defendant corporation but solely as an agent or employee of McDougal. For these reasons and the other reasons hereinbefore stated for the nonliability of defendant corporation, we hold that there is no evidence of ratification by defendant corporation.

The judgment against defendant corporation is reversed. The cause is remanded, with instruction to

the Circuit Court to sustain the motion for a directed verdict in favor of defendant, New Jersey Fidelity & Plate Glass Insurance Company.

REVERSED, WITH DIRECTIONS.

BELT and BEAN, JJ., concur.

BROWN, J., absent.