POST PUB. CO. v. SCHICKLING, etc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2733. Decided April 12, 1926

751. MASTER & SERVANT—Where an employer is interested only in the result of the employment without exercising any control over the employe or the manner of performing the service, such employe is an independent contractor and liable for his own acts while engaged in such service.

HAMILTON, J.

Joseph Schickling, by his father as next friend, brought an action in the Hamilton Common Pleas against the Post Publishing Co. claiming damages for personal injuries as a result of being struck by an automobile driven by Wm. Meader, who was delivering papers for the Company.

The Company claimed that the relation of master and servant did not exist and that it would not be liable under the doctrine of respondeat superior; and that Meader was an independent contractor and liable for his own acts while engaged in its service.

It seems that Meader was employed in another manner from 6:00 A. M. to 2:00 P. M.; and from that time on delivered papers to diffenrent stations in the city for the Company on a machine owned by him; that he was paid for this service by the hour, he furnishing the oil and gas necessary for his machine; that when he was not able to take his route, he informed the distributing manager who put on another man; and that there was no other agreement concerning the work.

The trial court took the view that whether or not Meader was an independent contractor, was a question for the jury. The verdict and judgment was in favor of Schickling and error was prosecuted, the Court of Appeals holding:

1. An independent contractor is one who carries on an independent business in the course of which he undertakes to accomplish some result, or do some piece of work for another, being left at liberty to choose his own means and methods; and being responsible to his employer only for the results which he has undertaken to bring about. 39 OS. 461.

2. The only interest the Company had in Meader's engagement was to have him deliver the papers as instructed; it was interested only in the result an dreserved no control over the manner of performing the service required.

3. Meader was an independent contractor and the low ercourt should have sustained the company's motion for a directed verdict.

4. It is claimed on behalf of Schickling that because of the agreement being verbal, this of itself made the proposition a jury question. This contention is not tenable for either party had the right to terminate the agreement at pleasure.

5. The decision of the Cuyahoga Appeals in the case of Industrial Commission v. Conley being in conflict with this decision, the case will be certified to the Supreme Court for review.

Judgment for company.

Attorneys—Harmon, Colston, Goldsmith & Hoadly and Joseph O'Meara, Jr., for Company; Jones & Pfau for Schickling; all of Cincinnati.

Note—The OS. Pending opinion in the Conley case will be found in 3 Abs. 580.