THE GOFF-KIRBY COAL CO. *v.* AQUILA.

(Decided May 28, 1928.)

*Mr. J. H. McNeal,* for plaintiff in error.
*Mr. S. V. McMahon* and *Mr. F. W. Zimmerman,* for defendant in error.

LEVINE, J.   This cause comes into the Court of Appeals on a petition in error seeking a reversal of the judgment of the common pleas court.   It appears that on December 11, 1924, Gaetano Aquila was a passenger on a coal truck bearing the signs of the Goff-Kirby Coal Company, and operated by one Earl Moore.   This truck came into collision with another motor vehicle, as a result of which Gaetano Aquila sustained serious injuries.

No issue is raised on the question of the carelessness of the driver who operated the motortruck.

Neither is there any issue as to the nature, extent and seriousness of the injuries. Our attention is directed to but one important issue, namely, whether or not Earl Moore, operator of the motortruck, can be regarded as an employee of the Goff-Kirby Coal Company.

It is claimed by plaintiff in error, the coal company, that one Kurt B. Martins, who was employed for a number of years by the Goff-Kirby Coal Company as superintendent of one of their coalyards, was the owner of a certain truck; that he hired and paid a man by the name of Earl Moore to work for him and to drive the motortruck. In other words, it is asserted that Martins was conducting an independent trucking business and had been so doing since 1922, when he purchased said truck, up to and including December 11, 1924, when the accident, which is the basis of this lawsuit, happened.

It is conceded that Martins was employed by the Goff-Kirby Coal Company as superintendent of one of their coalyards, but it is claimed that, in addition to his said employment, he (Martins) individually owned and, through his driver, Moore, operated the motortruck which is the cause of the injury. It is also claimed that Martins as an individual, separate and apart from his employment and duties as superintendent as aforesaid, entered into an independent contract with the Goff-Kirby Coal Company whereby he was to furnish his truck and his driver for the purpose of hauling coal for the defendant, the Goff-Kirby Coal Company, and the defendant was to pay Martins $1 per ton for the hauling of coal. At the time of the collision which resulted in plaintiff's injuries, Earl Moore was returning with the truck

after having delivered a load of coal by the direction of Martins.

This statement of facts, characterizing the relation existing between Martins and the Goff-Kirby Coal Company, is not undisputed. On the contrary, it is most emphatically challenged by counsel for the injured party.

We are referred to the case of *Post Publishing Co.* v. *Schickling*, 22 Ohio App., 318, 154 N. E., 751, and turning to the syllabus of that case we find the following language:

"1. Employer is not liable to third persons for negligence of independent contractor.

"2. 'Independent contractor' is one employed to accomplish some result or do some piece of work, but who is at liberty in general to choose his own means and methods, being responsible only for results.

"3. One furnishing automobile and agreeing with publisher to deliver papers to certain points indicated by slip attached to each bundle, but who was required to follow no specific directions en route of travel, or limits in time, *held* independent contractor, for whose negligence in manner of performing service publishing company was not liable."

The *Schickling case* was affirmed by the Supreme Court, 115 Ohio St., 589, 155 N. E., 143.

It must be borne in mind that in the case at bar there was clearly the relation of employer and employee between Martins, the superintendent, and the Goff-Kirby Coal Company, his employer; that certain definite duties were assigned to him, among which was the hiring and discharging of men, attending to the fulfillment of coal orders, and the delivery

of coal to the proper destination. It is not claimed that Martins used his truck and driver to make all necessary deliveries. The Goff-Kirby Coal Company had its own trucks, which were operated by its own drivers. Martins had discretion, even taking the most favorable view of the evidence contended for by plaintiff in error, to select either a truck and driver of the Goff-Kirby Coal Company or to furnish his own truck and driver. Whatever Martins did with reference to attending to the delivery of coal hauled by the truck in question, he did as an employee of the Goff-Kirby Coal Company. It is therefore difficult to conceive how one and the same act performed by Martins can be viewed as having been performed in a dual capacity.

In giving the order for the delivery of coal, he concededly did so as an employee of the Goff-Kirby Coal Company. In selecting his own truck and driver for the delivery of the coal, he acted, according to the theory of plaintiff in error, as an independent contractor. Once the relationship existing between Martins and his employer, the Goff-Kirby Coal Company, is established, this relationship continues to exist, and characterizes the dealings between himself and his employer. The fact that in the exercise of discretion lodged in him he selected his own Ford truck and driver for the purpose of making a delivery for his employer, instead of selecting a truck and driver employed by the Goff-Kirby Coal Company, does not destroy this relationship between himself and his employer. Whatever he did in the matter was for and in behalf of his employer.

The most that can be claimed for this private

arrangement between himself and the Goff-Kirby Coal Company was the matter of additional compensation for extra expenses and trouble. Earl Moore was employed by the day, not merely to make this one delivery, on the return from which the collision occurred. If Martins himself had operated his own truck, for the purpose of making the delivery of coal, for and in behalf of his employer, there could, in our opinion, be no question that the Goff-Kirby Coal Company would be held responsible for his negligent operation of the motortruck, for the reason that he was then engaged in the business of his employer and acting on behalf of his employer. The fact that he selected some one else to operate the truck, in order to make a delivery of coal for and in behalf of his employer, does not alter the situation.

It would have been entirely possible for the Goff-Kirby Coal Company to have made an arrangement of contract with Martins, were he not an employee of the company, agreeing to use his truck and driver for the purpose of delivering coal to different destinations, and to pay him therefor a certain fixed compensation on the tonnage basis. The fact, however, that Martins, in the selection of his own motortruck and driver, acted for and in behalf of his employer, and was engaged in the business of his employer, puts the matter upon a different basis. Whatever he or the employee selected by him does while engaged in the business of the Goff-Kirby Coal Company is traceable to the Goff-Kirby Coal Company, and it is held responsible for culpable negligence, which either Martins, or his employee selected by him, is guilty of.

It is not, however, necessary to rest the matter

upon the principle of law heretofore enunciated. Conceding, for the sake of argument, that the law of independent contractor is applicable to the case at bar, the legal consequence contended for by plaintiff in error does not necessarily follow, as there is a sharp conflict in the evidence on the question whether the arrangement claimed by Martins to have existed between himself and the Goff-Kirby Coal Company did, in fact, exist.

The trial court instructed the jury on that issue in the following language:

"So, the question, or one of the questions, in the case is whether Martins was an independent contractor within the definition I have given you. Was he an independent contractor? Was he one who exercising an independent employment contracted with the Goff-Kirby Coal Company to do a piece of work according to his own methods and without being subject to the control of his employer, the Goff-Kirby Coal Company, except as to the result of the work? If he was an independent contractor, as I said before, then the plaintiff would be required to proceed against him. If Martins was not an independent contractor, then the plaintiff would have a right to proceed against the Goff-Kirby Coal Company, his employer. * * * So, first, you consider the question of whether or not Martins was or was not an independent contractor. As I said before, if you find that he was an independent contractor, your duties are at an end, and your verdict must be for the defendant."

The jury returned a general verdict, finding for the plaintiff on all issues. We must therefore assume that the jury disbelieved Martins concerning

the existence of the arrangement made between him-
self and the Goff-Kirby Coal Company.

We find no error justifying a reversal of the judg-
ment in this case, and the same is therefore affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and VICKERY, J., concur.