GILDAY, APPELLANT, *v.* THE EARL WERTZ COAL CO., APPELLEE.

(Decided January 30, 1939.)

*Messrs. Brady & Gallagher,* for appellant.
*Messrs. Effler & Eastman,* for appellee.

LLOYD, J. Celeste Gilday, plaintiff in the Court of Common Pleas, appeals to this court on questions of law from a judgment of the Court of Common Pleas entered on a directed verdict for the appellee, The Earl Wertz Coal Company. Her action was one for damages for personal injuries arising out of a collision on December 8, 1934, between an automobile driven by her and a truck loaded with coal on its way for delivery to a customer of appellee, and then operated by Albert Heidet.

The verdict and judgment of the trial court were based on its finding that Heidet was an independent contractor and not an employee or agent of appellee at the time and place of the collision.

The appellee was engaged in selling coal at retail to whosoever would buy it. For the purpose of delivery to purchasers thereof, it employed or engaged truck men owning and operating trucks to haul it. Heidet, one of the truck operators, owned two trucks, one of which he himself usually drove, the other being driven by an employee engaged by him for that purpose. Sometimes both of them were driven by his employees. There were other truckmen engaged in delivering coal for appellee. One of these, owning three trucks, operated one himself and employed drivers for the other two. Appellee had nothing to do with employing the drivers of the trucks, the compensation they were to receive, or when, where or how long they were to work. Each truck owner was paid one dollar per ton for coal hauled and delivered, and received a check therefor each succeeding Saturday night. The name of appellee was painted on each side of the trucks and that expense was paid for by appellee, but the truck owners themselves paid all expenses incurred in the operation of their respective trucks, appellee not being obli-

gated to pay any part thereof. When a truck was loaded with coal at the yards of appellee for delivery to a customer, the driver of the truck was given a ticket upon which was written the name of the customer, the place of delivery, and any directions of the customer with respect thereto. The appellee had no control of the route to be taken in its delivery and had no control over the hours of employment, or any right to demand when the truck owners and their employees should haul and deliver coal. There was no obligation on either party beyond the particular load in process of delivery. The truck owners were at liberty to do trucking for others, and did so, as the evidence shows, in several instances. The evidence, however, indicates that in the winter months of 1934 the larger part of the work of Heidet and the other truck owners consisted of delivering coal for appellee.

The principles of law announced in *Fisher Body Co.* v. *Wade,* 45 Ohio App., 263, 187 N. E., 78, *Post Publishing Co.* v. *Schickling,* 22 Ohio App., 318, 154 N. E., 751, *Schickling* v. *Post Publishing Co.,* 115 Ohio St., 589, 155 N. E., 143, *Babbitt* v. *Say, Admr.,* 120 Ohio St., 177, 165 N. E., 721, are applicable to the facts in the instant case and require an affirmance of the judgment of the Court of Common Pleas.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.