SHEIDLER, Appellant and Cross–Appellee,

v.

NORFOLK & WESTERN RAILWAY, Appellee and Cross–Appellant.

[Cite as *Sheidler v. Norfolk & W. Ry.* (1999), 132 Ohio App.3d 462.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1381.

Decided March 31, 1999.

*E.J. Leizerman,* for appellant and cross-appellee.

*Jack Zouhary* and *Scott A. Haselman,* for appellee and cross-appellant.

HANDWORK, Presiding Judge.

This is an appeal and cross-appeal from orders of the Lucas County Court of Common Pleas, filed in a judgment entry on September 25, 1997, granting a motion for a new trial filed by appellee and cross-appellant Norfolk & Western Railway but denying the railway's motion for a judgment notwithstanding the verdict ("JNOV"). We will first consider the arguments relating to the appeal filed by appellant and cross-appellee, Susan Sheidler to challenge the ruling of the trial court that the railway is entitled to a new trial.

Appellant has presented three assignments of error for consideration. The assignments of error read:

"1. The trial court erred in granting Defendant a new trial by erroneously applying the 'same juror' rule. (Decision, Sept. 25, 1997, at 4–6)(Appendix A)

"2. The trial court erred in holding that Defendant's failure to poll the jury or to otherwise inquire or object did not constitute waiver. (Decision, Sept. 25, 1997, at 4–6)

"3. The trial court erred in holding that the jury could not be reassembled to perfect its verdict where its substance is not modified or altered. (Decision, Sept. 25, 1997, at 4–6)."

To place these assignments of error in context, we will review the facts and procedure in this case.

On September 13, 1989, while working as a typist/secretary for the railway, appellant was injured when a set of steel shelves tipped over and fell on top of her as she walked past. Appellant's right arm, wrist, and hand were injured when they were hit by the shelving.

Appellant filed suit against the railway in the Lucas County Court of Common Pleas in the spring of 1992. She raised two claims: one for injuries caused by the falling shelf and one for a preexisting condition of carpal tunnel syndrome. In July 1993, the railway filed a motion for summary judgment. Appellant filed a memorandum in opposition to the motion and attached a sworn affidavit. The trial court ordered the affidavit stricken as self-serving and granted summary judgment to the railway. This court reversed the ruling of the trial court on appeal as to the claim for injuries caused by the falling shelf after finding that appellant's affidavit should not have been stricken from the record. *Sheidler v. Norfolk & W. Ry.* (Sept. 16, 1994), Lucas App. No. L–93–336, unreported, 1994 WL 506142. We affirmed the grant of summary judgment on the carpal tunnel claim, however, because it was time-barred. The case was then remanded to the trial court.

On remand, the case proceeded to trial before a jury. The trial court presented the jury with six interrogatories and a general verdict form at the close of the case. Following deliberations, the jury returned interrogatory answers and a general verdict, finding the railway negligent and awarding appellant $325,000 in damages. The trial judge had the bailiff read the interrogatory answers and the general verdict. She then asked if counsel wanted the jury polled. The following exchange then took place between counsel for the railway and the trial judge:

"MR. ZOUHARY: No, Your Honor, other than to make sure that the—

"THE COURT: There have been six—six jurors concurring in this verdict, and the same six who have signed the interrogatories have also signed the verdict form. Does either counsel wish to poll the jury?"

Counsel for appellant and for the railway answered no. The trial judge then ordered the bailiff to file the verdict the next morning and dismissed the jury.

Within a few minutes, the trial court was back on the record. The following discussion then took place:

"THE COURT: Let's go on the record, please. It's 20 minutes of 7:00. The Court had discharged the jury. We went back into the jury room, and I was talking about inconsequential things. We did not in any way discuss the merits of the case.

"As I was leaving, Mr. Kasprzak said, I had a question, Judge. Did the same six people who answered all the questions also have to agree with the amount that was rendered? And I said, Well, you did that, correct? He said, No, I did not sign the verdict forms.

"And so that I came out and checked. What has happened is Mr. Kasprzak, Mr. McDonagh—I'm sorry—Mr. McDonagh is the one who has signed the interrogatories in agreement. Mr. McDonagh has not signed the verdict forms— verdict form or Interrogatory 6. In his place Mr. Eicher has signed. That's the record as we sit here now. We have not yet brought out the jury. What is the request?

"MR. LEIZERMAN: Well, Your Honor, I can only say that I believe that verdict stands. There was a request to poll the jury. There was no poll of the jury. The Court entered on the record, and we left the courtroom.

"We've been summoned back up to the courtroom. I think the railroad had an opportunity to poll. It waived it.

"THE COURT: The problem was the court made the comment that the same six people signed. So that is a mistake.

"MR. ZOUHARY: When I—I asked for a polling, asked if it was the same six.

"THE COURT: Did you ask on the record?

"MR. ZOUHARY: That, Your Honor.

"MR. LEIZERMAN: If it is the position of the Court that the law requires the same six, then they have to be told.

"THE COURT: Let's bring them back and tell them they must continue deliberations.

"MR. ZOUHARY: It's either that choice or a mistrial, one or the other.

"THE COURT: Let's bring them back and see if they come back—if they come back with a verdict that they are all in agreement with, then you can poll them. And I would suggest strongly that both counsel agree, poll the jury if we assume that they are going to finish this up."

The jury returned to the courtroom, and the trial judge explained:

"It appears that we will have to ask you to deliberate further because the same six people *must agree* on the questions as well as any amount to be awarded to the plaintiff in this case, and we will ask you if you will to go back, see if you can complete your deliberations.

"If there is any question once again, Mr. Eicher, we will ask you to put that in writing.

"It's very important that we do this properly. And so we will ask you to complete this for us.

"All right. We give you the forms back. Jury is excused again."

In ten minutes, the jury returned. The trial judge announced, "[W]e have had a change to the form." She then asked if counsel wanted the jury polled. Counsel for the railway said yes, and the jury was polled. The jury was again discharged.

On August 5, 1997, the railway filed a motion for JNOV or for a new trial. The railway argued that it was entitled to a new trial because appellant had failed to present any evidence that showed that the railway was negligent. In the alternative, the railway argued that it was entitled to a new trial on the basis of manifest weight, misconduct of appellant's counsel, excessive damages awarded as a result of passion, and failure to get a fair trial. In the context of the last argument, the railway argued that the irregularities that occurred with the jury deprived it of a fair trial.

Appellant filed a memorandum in opposition to the motion for JNOV or a new trial. On September 25, 1997, the trial court filed its decision to deny the JNOV but to grant a new trial. The trial court denied the JNOV on the basis that appellant had provided sufficient evidence to permit the jury to conclude that the railway's negligence caused appellant's injuries. The trial court explained that it was granting a new trial because "[a]fter research, the Court finds that defendant Railway must be given a new trial as a result of irregular proceedings. There was error in reconvening a discharged jury to allow it to modify its verdict." The court went on to say:

"Once a jury renders a verdict determining the rights of the parties or the facts of the case, the court may not direct the jury to further deliberate the issues. If the judgment is contrary to the manifest weight of the law or evidence, a new trial is warranted. In the case of *O'Connell v. Chesapeake* (1991), 58 Ohio St.3d 226, 569 N.E.2d 889, the Supreme Court of Ohio adopted the 'same juror' rule. In other words, the same three-fourths of the jury must agree on both the responses as well as the jury verdict. As the Sixth District Court of Appeals stated in *De Boer v. Toledo Soccer* (1989), 65 Ohio App.3d 251, 258, 583 N.E.2d 1004, 'on the one hand, a jury should be able to conform its verdict to its intention to avoid the necessity of a new trial; but, on the other hand, the court cannot invade the province of the jury by suggesting or implying that the jury came to the wrong conclusion'. This jury was discharged and a defective verdict was entered into the record. By allowing the jurors to come back to redeliberate after they were discharged to rectify an 'erroneous' situation, the court plainly allowed an irregular proceeding that cannot be said to have given Railway a fair trial." (Emphasis *sic.*)

The parties subsequently filed this appeal and cross-appeal.

█ In support of her first assignment of error, appellant argues that the trial court erred when .it granted a new trial on the basis that the "same juror" rule was violated. Appellant argues that the jurors who decide liability do not have to be the same jurors who decide the amount of damages to be awarded in a case. Appellant contends, therefore, that even if it was error for the trial court to reconvene the jury after it was first discharged, the error was harmless because the initial verdict returned by the jury was valid.

The Supreme Court of Ohio ruled, in 1991:

"In a case tried under comparative negligence principles, three-fourths of the jury must agree as to both negligence and proximate cause, and only those jurors who so find may participate in the apportionment of comparative negligence." *O'Connell v. Chesapeake & Ohio RR. Co.* (1991), 58 Ohio St.3d 226, 569 N.E.2d 889, syllabus.

The court explained:

"[T]he major principle behind the 'same juror' rule is that the determination as to whether a party is causally negligent is not independent from, but is indeed inseparable from, the apportionment of negligence. Stated otherwise, a juror's finding as to whether liability exists is so conceptually and logically connected with apportioning fault that inconsistent answers to the two questions render that juror's vote unreliable and thus invalid." *Id.* at 233, 569 N.E.2d at 896.

The court acknowledged in a footnote that some state courts applied the same reasoning to require the same jurors to decide liability and damages. The court then specifically noted that it did "not extend our holding to reach that type of situation." *Id.* at 232, 569 N.E.2d at 895, fn. 3.

In cases decided subsequent to *O'Connell v. Chesapeake & Ohio RR. Co.,* the Third District Court of Appeals of Ohio has concluded that the "same juror" rule does not apply to require the same jurors to decide liability and damages. See, e.g., *Blake v. Faulkner* (Nov. 6, 1996), Shelby App. Nos. 17–95–12 and 17–95–13, unreported, 1996 WL 669852; *Hudson v. Corsaut* (Aug. 22, 1995), Defiance App. No. 4–94–16, unreported, 1995 WL 505936. The Third District Court of Appeals explained:

"In its comments, the Ohio Jury Instructions provide that 'the committee believes that since the issues relating to damages are analytically different from those relating to causal negligence, the determination of damages may be made by all jurors without regard to their individual votes on causal negligence.' 1 Ohio Jury Instructions (1994), Section 9.10, at 149.

"* * * *

"We disagree with the trial court's determination regarding the issue of the liability and damage interrogatories. As suggested by the Ohio Supreme Court and by the Ohio Jury Instructions, we find that damages can be independently determined." *Hudson v. Corsaut* (Aug. 22, 1995), Defiance App. No. 4–94–16, unreported, 1995 WL 505936.

We agree with the reasoning of the Third District Court of Appeals. We do not find it logically inconsistent that a juror might agree on the amount of damages that a plaintiff sustained while disagreeing about who was liable for the damages. The basis cited by the Supreme Court of Ohio for applying the "same juror" rule to cases involving the determination of liability and the apportionment of liability does not exist in a case involving the determination of liability and of damages. Accordingly, appellant is correct that the initial verdict returned by the jury in this case was valid. No need existed to reconvene the jury for further deliberation, so the actions of the trial court after the first discharge of the jury were harmless error. Appellant's first assignment of error is well taken. Our disposition of this assignment of error renders appellant's remaining two assignments of error moot.

We now turn to the two assignments of error presented on cross-appeal:

"1. The trial court erred in denying the Railway's motions for directed verdict, and motion for judgment notwithstanding the verdict, where Sheidler offered no explanation for how the shelving unit fell and, therefore, no evidence the Railway was negligent (Decision, Sept. 25, 1997, at 2–3)(TR. 642, 768).

"2. The trial court erred in denying the Railway's motions for directed verdict, and motion for judgment notwithstanding the verdict, where the Railway had no notice or knowledge of any defect in the shelving unit (Decision, Sept. 25, 1997, at 2–3)(TR. 642, 768)."

Because both assignments of error on cross-appeal address whether the trial court erred when it denied the railway's motion for JNOV, we will begin by considering our standard of review.

The trial court and this court are both governed by the same standard to decide whether a party is entitled to a directed verdict in a case. *Zammit v. Soc. Natl. Bank* (1996), 115 Ohio App.3d 543, 546, 685 N.E.2d 850, 852. The standard of review is:

"[I]f all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party." *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 220, 58 O.O.2d 424, 427, 280 N.E.2d 896, 899–900.

Keeping this standard of review in mind, we now consider the arguments presented in support of the assignments of error presented on cross-appeal.

The railway argues that it has no duty to act as an insurer toward appellant. Instead, it is liable for injury to appellant only if the injury is caused by its negligence. The railway contends that appellant did not offer any competent evidence to show why the shelving fell on her at work. The railway argues that without some proof of what caused the shelving to fall, there is no basis to show the railway was negligent. The railway also states that appellant did not present any evidence that proved that the railway had notice of a dangerous condition regarding the shelving.

The trial court considered all of these arguments and rejected them with the following explanation:

■ "After construing the evidence most strongly in favor of Susan Sheidler, this Court cannot find that a reasonable jury was forced to come to a conclusion favorable to Norfolk and Western. Plaintiff presented testimony that the shelving unit was not bolted to the wall. A railway employee, Robert Ricard, testified about his experience with a tipping shelving unit and that he had complained to a Railway superior. There was disputed testimony over what was contained on the shelves on the day of the event and how the shelving fell, which means that reasonable minds could differ over whether the railway was negligent or had notice of an unsafe condition.

"A review of the record in this case reveals that the jury had sufficient evidence from which to draw its findings and render a verdict in favor of plaintiff. The motion for judgment n.o.v. is denied."

After reviewing the record, we agree with the trial court's analysis and find that it did not err in its application of the standard for a JNOV when it denied the railway's motion. The two assignments of error presented on cross-appeal are not well taken and are denied.

The judgment of the Lucas County Court of Common Pleas granting a new trial in this case is reversed. This case is remanded for the purpose of reentering judgment on the jury's verdict. The railway is ordered to pay the court costs of this appeal and cross-appeal.

*Judgment reversed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.