ABRAMS, Appellant and Cross–Appellee,

v.

TOLEDO AUTOMOBILE DEALERS ASSOCIATION,
Appellee and Cross–Appellant.

[Cite as *Abrams v. Toledo Auto. Dealers Assn.* (2001), 145 Ohio App.3d 187.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–00–1307.

Decided Aug. 10, 2001.

*Terry J. Lodge,* for appellant and cross-appellee.

*Andrew J. Ayers,* for appellee and cross-appellant.

HANDWORK, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted a directed verdict to appellee/cross-appellant, Toledo Automobile Dealers Association ("TADA"), in this defamation case. For the reasons stated herein, this court affirms the judgment of the trial court.

The following facts are relevant to this appeal. On February 6, 1998, appellant, Alan Abrams, refiled a complaint against TADA. A prior complaint had been filed against TADA, Donald E. Lea ("Lea"), and Lea's advertising agency, Donald Lea & Associates, Inc. TADA was later dismissed without prejudice. Lea & his advertising agency provided advertising services to TADA. The case against Lea and his advertising agency proceeded to trial in 1997 and was settled during the deliberative phase of the trial. In his refiled complaint, Abrams alleged that he was fired from his position at *The Blade* because Lea, as an agent of TADA, slandered Abrams's character and slanderously impugned his professional ethics. The alleged slanderous statements were that Abrams demanded and received a bribe of a used car from a local automobile dealer in exchange for a "favorable presence in The Blade" for that automobile dealer.

In its answer to the complaint, TADA denied that Lea was its agent, denied that Lea defamed Abrams, denied that any such defamation occurred within the scope of Lea's employment if he were an agent, and asserted as affirmative defenses that Abrams's complaint was barred by *res judicata* and collateral estoppel. The trial court denied a motion for summary judgment filed by TADA.

The case proceeded to trial on August 14, 2000. At the close of Abrams's evidence, TADA moved for a directed verdict on three grounds: (1) that a decision by an arbitrator in Abrams's grievance against his former employer finding just cause existed for his termination collaterally estopped Abrams from claiming that no just cause existed for his termination, (2) that Abrams's release of Lea precluded a claim against TADA as principal for Lea, and (3) that Abrams failed to prove he was defamed by Lea when Lea was acting as TADA's agent. The trial court granted TADA's motion for a directed verdict on the first and

third grounds but denied the motion on the second ground. The judgment entry granting the directed verdict was journalized on September 12, 2000. Abrams filed his notice of appeal on October 13, 2000, and TADA filed a notice of cross-appeal on October 24, 2000.

Abrams sets forth the following two assignments of error:

"Assignment of Error No. 1

"It is error to dismiss on directed verdict for want of showing of agency a case with conflicting testimony which shows that an agent had actual authority to act and who in the course of such actions makes defamatory statements.

"Assignment of Error No. 2

"It is error to accord collateral estoppel effect to an arbitration finding where there is neither identity of parties nor issues."

TADA sets forth the following cross-assignment of error:

"The trial court erred in not granting summary judgment to TADA when no genuine issues of material fact existed and TADA was entitled to judgment as a matter of law."

Both assignments of error asserted by Abrams challenge the propriety of the directed verdict granted by the trial court. An appellate court applies the same standard to an appeal challenging the propriety of a directed verdict that the trial court applies in the first instance. *Sheidler v. Norfolk & W. Ry.* (1999), 132 Ohio App.3d 462, 468, 725 N.E.2d 351, 355–356. Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 280 N.E.2d 896, paragraph three of the syllabus, the Ohio Supreme Court stated the following:

"A motion for directed verdict or a motion for judgment notwithstanding the verdict does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence."

In *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116, 430 N.E.2d 935, 938, the Supreme Court of Ohio noted:

"When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to

the jury. This does not involve weighing the evidence or trying the credibility of witnesses[.]"

Therefore, the "legal sufficiency" of the evidence requirement dictates that, in ruling on TADA's motion for a directed verdict, the trial court was required to evaluate what evidence Abrams possessed on the essential issues or elements of his defamation claim and relative to his assertion that Lea was an agent of TADA. Furthermore, if the evidence relating to these issues was not sufficient so as to permit reasonable minds to reach different conclusions on these issues, it was the responsibility of the trial court to direct a verdict for TADA.

In his first assignment of error, Abrams argues that the trial court erred in granting a directed verdict when there was conflicting testimony regarding whether Lea was an agent or independent contractor. This court finds no merit in this assignment of error.

In *Evans v. Ohio State Univ.* (1996), 112 Ohio App.3d 724, 744, 680 N.E.2d 161, 174, the court noted:

"* * * An 'agency relationship' is defined as 'a consensual fiduciary relationship between two persons where the agent has the power to bind the principal by his actions, and the principal has the right to control the actions of the agent.' " (Citation omitted.)

In contrast to the agent-principal relationship is that of an independent contractor and employer. In *Post Publishing Co. v. Schickling* (1926), 22 Ohio App. 318, 322, 154 N.E. 751, 752, the court defined an "independent contractor" as follows:

" 'An independent contractor is one who carries on an independent business, in the course of which he undertakes to accomplish some result or do some piece of work, for another, being left at liberty in general to choose his own means and methods, and being responsible to his employer only for the results which he has undertaken to bring about.' (Citation omitted.)"

■ Upon review of the testimony at trial, this court finds that it was not error for the trial court to grant TADA's motion for a directed verdict as the evidence failed to establish that Lea was acting as an agent for TADA when Abrams was defamed. Rather, the evidence established that Lea was acting as an independent contractor.

Accordingly, Abrams's first assignment of error is found not well taken.

In his second assignment of error, Abrams argues that the trial court erred in granting a directed verdict on collateral estoppel grounds. This court finds no merit in this assignment of error.

■ The trial court had both the transcript of the arbitration hearing and the arbitrator's decision prior to trial. At issue in the arbitration between Abrams and his employer, *The Blade,* was whether there was just cause for termination. *The Blade* had described two grounds for termination: (1) that Abrams offered a "favorable presence" in *The Blade* in return for the free use of an automobile and (2) that Abrams continued to accept the free use of the automobile while responsible for special automobile sections and this was a conflict of interest. The arbitrator described Abrams's testimony as "not entirely credible" and described Abrams's testimony regarding the car, used for over one and one-half years, as "lame." The arbitrator concluded that the evidence established the two grounds for termination described by *The Blade* constituted just and sufficient cause for termination.

In *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74, 6 O.O.3d 274, 276, 369 N.E.2d 776, 777–778, the Ohio Supreme Court stated:

■ "The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *A party precluded under this principle from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked full and fair opportunity to litigate that issue in the first action,* or unless other circumstances justify according him an opportunity to relitigate that issue." (Citation omitted.) (Emphasis added.)

The arbitrator concluded that the two grounds for termination described by *The Blade* constituted just and sufficient cause for termination. Therefore, the arbitrator concluded that Abrams accepted the free use of an automobile in exchange for a favorable presence in *The Blade.* Thus, the allegedly defamatory statement was concluded to be a true statement. Abrams is precluded under the principle cited in *Hicks, supra,* from relitigating this issue because he did not lack a "full and fair opportunity to litigate that issue" in the arbitration.

Accordingly, Abrams's second assignment of error is found not well taken.

In its cross-appeal, TADA argues that the trial court should have granted it summary judgment. TADA asserts two arguments. First, Abrams presented no evidence of an agency relationship between TADA and Lea. Second, independent grounds existed for terminating Abrams because Abrams admitted that he had free use of a Brondes Ford automobile during the time that he was employed covering automobile issues by *The Blade* and the executive editor of *The Blade*

viewed this as a violation of its ethical standards. This court finds no merit in this cross-assignment of error.

A movant for summary judgment is precluded from seeking review of a denial of the motion until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 289, 16 O.O.3d 329, 330–331, 405 N.E.2d 293, 295. In the present case, no final order adverse to TADA has been entered. Only if an adverse judgment was entered against TADA would it be entitled to assign as error the trial court's order denying summary judgment. *Balson, supra.* See also, *Attewell v. Eagle Beach–Wildwood Assoc., Inc.* (May 5, 2000), Ottawa App. No. OT–99–039, unreported, 2000 WL 543068.

Accordingly, TADA's cross-assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK and JAMES R. SHERCK, JJ., concur.