O P I N I O N
This appeal arises from a decision by the Common Pleas Court of Huron County to overrule Appellant's motions for a new trial in a personal injury case. For the following reasons, we reverse the trial court's decision.
This case arises from a series of three automobile accidents and an alleged assault and battery. The first accident occurred on January 16, 1997, between Jack Shepler ("Appellant") and Appellee Beverly Love. Subsequently, on July 2, 1997, another collision occurred between Appellant and Appellee James McGovern. Thereafter, on April 1, 1998, Appellant was in a third automobile accident with Appellee Roberta Dull. The final incident was an alleged assault upon Appellant by Lane Paullin, a defendant below, occurring on June 14, 1998; however, Mr. Paullin is not a party to this appeal.
Each of the three Appellees admit they were at fault for causing their respective collisions with Appellant; however, the questions at trial involved the issues of whether injuries were sustained, except for Appellee Love who admitted to causing some injury, whether each accident aggravated the injuries complained of, and whether or how much Appellant is entitled to for damages as a result thereof.
Appellant claims that each accident and repeated trauma caused long lasting soft tissue injuries and posttraumatic fibromyalgia, which resulted in his permanent and total disability. A vast amount of evidence was brought forth from several different health care providers. Appellant's treating physicians and the physicians called by the Appellees all agreed that Appellant had sustained soft tissue injuries by each of the accidents. As for the fibromyalgia, the testimony conflicted as to whether or not it was caused by any of these incidents.
After considering the evidence, the jury determined that no injuries were sustained as to Appellees McGovern and Dull. As for Appellee Love, the jury awarded Appellant $675.65.
Thereafter, Appellant filed a motion for judgment notwithstanding the verdict or for a new trial as to all issues. In response, the trial court denied the motions as to the claims against Appellees McGovern and Dull, and denied the motions as to the claims against Appellee Love conditioned upon Love's acceptance of an additur in the amount of $1,000. From this judgment, Appellant filed this timely appeal and asserts the following four assignments of error.
 Assignment of Error I
The trial court erred in denying plaintiff a new trial as to defendant Love while imposing an additur without plaintiff's agreement.
An additur is the trial court's ability to increase the amount of an inadequate damages award made by a jury verdict.[1] This court has previously ruled that a trial court errs when it denies an appellant's motion for a new trial on the basis of an additur award to which the appellant had not consented.[2] Because the trial court properly found that the verdict with respect to the Love claim was against the manifest weight of the evidence, and because Appellant in this case did not consent to the trial court's imposition of a one thousand dollar additur, the trial court erred in not granting Appellant's motion for a new trial. The first assignment of error is well taken.
Therefore, Appellant's first assignment of error is hereby sustained.
 Assignment of Error II
The trial court erred in allowing the opinion testimony of defendant's expert, Dr. Timperman, to be played to the jury.
An expert witness may base an opinion upon things "perceived by him or admitted in evidence at the hearing."[3] Appellant contends that the testimony of Dr. Timperman should be excluded because his opinions were based upon records provided by other medical care providers. For the following reasons, we disagree.
The Ohio Supreme Court has held that "where an expert bases his opinion, in whole or in major part, on facts or data perceived by him, the requirement of Evid.R. 703 has been satisfied."[4] There is no indication that Dr. Timperman relied upon hearsay documents to form his opinion. In fact, pertinent questioning transpired as follows:
 Q * * * Dr. Timperman, based upon your office visit with Mr. Shepler, the history that he gave you, your review of the MRI and X-ray films, and your education, training and experience, do you have an opinion to a reasonable degree of certainty whether Mr. Shepler sustained any type of permanent injury in the motor vehicle accidents he told you about on October, 6th, 1997 * * *.
 Therefore, not only was Dr. Timperman's opinion based upon his perception of Appellant, but also the MRI films and the X-rays, which were admitted into evidence by the trial court. Accordingly, the expert testimony provided by Dr. Timperman was consistent with the requirements of Evid.R. 703.
For these reasons, Appellant's second assignment of error is not well taken, and is therefore overruled.
 Assignment of Error III
The trial court erred in refusing to direct a verdict as to liability and proximate cause of some injury against defendant's McGovern and Love [sic].
The standard of review for a directed verdict is:
 [I]f all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party.[5]
 Motions for a directed verdict test the legal sufficiency of evidence, not its weight or the credibility of witnesses. As a result, our review of the trial court's ruling is de novo.[6] Further, a motion for a directed verdict raises a question of law because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence.[7]
Appellant raises three separate issues with regard to this assignment of error, and each will be discussed in turn. First, Appellant maintains that counsel for Appellees McGovern and Dull made judicial admissions during their opening statements as to the issue of whether Appellant sustained some injury as a result of the auto accidents between Appellant and these two Appellees.
This court has held that judicial admissions occur when statements by counsel contain admissions of controverted facts.[8] Additionally, the admission must be
 distinct and unequivocal, and be, by intention, an act of waiver relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose.[9]
 During the opening statement for Appellee McGovern, his attorney stated the following:
 * * * the evidence will show by a preponderance of the evidence that Jim McGovern made a mistake on July 12, 1997, and owes Mr. Shepler fair and reasonable compensation for the injury Jim caused in an amount a lot less than what Mr. Shepler will be asking from you.
 Furthermore, the trial court judge explained later in the trial that Appellee McGovern's attorney did indeed state that Appellant suffered some injury with regard to the car accident involving Mr. McGovern. In light of these statements, the admission is binding upon Appellee McGovern because the statements clearly and unequivocally admit to contested facts relating to the causation of some injury. Accordingly, Appellant's directed verdict motion as to the issue of a proximate causal relationship between some injury to Appellant and the accident with Mr. McGovern should have been granted.
The contrary holds true, however, with respect to Appellant's claim that Appellee Dull's attorney also made judicial admissions during his opening statements. Appellant cites the following language for his contention that a judicial admission was made:
 I don't think anyone is quarreling with the fact that the plaintiff had a preexisting condition, but it's a soft tissue injury after each of these individual accidents based upon the testimony of Dr. Timperman, to whom the plaintiff was referred by one of his attending physicians, either Thomae or Wolfe for a second opinion. Also, based upon the opinion of Dr. Sander, and you'll hear his testimony which this is a sprain, strain, which should have resolved itself.
 Appellant's contention is not well taken given the entire context of Appellee Dull's opening statement. Once read in light of the surrounding context it becomes clear that Appellee Dull was merely reviewing the possible testimony that may be heard at trial by the medical doctors. When read in light of the paragraph preceding Appellant's above quoted language, the purpose of Appellee Dull's statements becomes clear:
 * * * you'll see that the physicians who have seen the plaintiff in the case, that the evidence is that the doctors will probably give him credit for a sprain or strain, which is a soft tissue injury, superimposed a preexisting arthritic condition.
 Therefore, the statements were made for the independent purpose of reviewing the possible testimony of the expert witnesses. Consequently, the trial court was correct when it denied Appellant's motion for a directed verdict as to proximate cause with respect to Appellee Dull.
Appellant also maintains that the appellees are bound by the testimony of their expert witnesses as judicial admissions. Here, Appellant asserts that the testimony of Drs. Timperman and Sanders were judicial admissions because they each stated that Appellant had received some injury as a result of the three automobile collisions, and both doctors were agents of Appellees, McGovern and Dull.
It is axiomatic that expert witnesses are hired to give their opinion with reference to a particular set of facts before them; however, it is the jury's responsibility to weigh the credibility of expert witnesses to arrive at a decision.[10] Expert witnesses are not paid to give a particular opinion for the party who hired them, but instead, they are simply to give their own opinion to assist the triers of fact. Therefore, unlike an attorney's statements, an expert's statements do not bind either party to a case. Consequently, the trial court did not err by failing to direct a verdict with respect to this issue.
Appellant's final issue raised within this assignment of error is that because all the expert witnesses testified that Appellant received at least some injury, the jury should not have been allowed by the trial court to conclude contrary thereto. Because witness credibility is not part of the standard for evaluating directed verdicts, we find that Appellant's argument is substantiated by the materiality of the evidence. Each of the medical experts utilized by both of the parties agreed that Appellant, at the very least, sustained a soft tissue injury as a result of each accident. Therefore, while this injury was qualified as one being able to heal in a relatively short time, some injury did occur due to these accidents, which leaves for the jury only a determination of the extent of damages. For the trial court not to have instructed the jury accordingly was improper. Consequently, Appellant's motion for a directed verdict concerning Appellees McGovern and Dull should have been granted on these grounds.
For these reasons Appellant's third assignment of error is well taken and hereby sustained.
 Assignment of Error IV
The trial court erred in refusing to direct the jury that "some injury" was suffered by plaintiff in the McGovern and Dull collisions, in refusing to grant a J.N.O.V. thereto and refusing to grant a new trial as to damage thereto.
A court may grant a new trial if the prior "judgment is not sustained by the weight of the evidence[.]"[11] The granting or denial of a motion for a new trial, however, rests within the sound discretion of the trial court, and such a judgment will not be disturbed absent an abuse of discretion.[12] An abuse of discretion requires more than an error of law or judgment; it implies that the court's actions were unreasonable, arbitrary, or unconscionable.[13] When reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence in a light favorable to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact.[14] A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed as being against the manifest weight of the evidence.[15]
Appellant contends that since all of the medical experts in this case testified that at least some injury was sustained as a result of the three accidents and no evidence was presented that Appellant did not sustain any injury, the jury's verdict that no injury occurred with respect to Appellees McGovern and Dull was against the manifest weight of the evidence. Reviewing the evidence offered at trial in a light favorable to the verdict, we conclude that no credible or competent evidence was adduced which contradicted Appellant's assertion that he received at least some injury by the three car accidents in question. In fact, each of the expert physicians all agreed that Appellant at least suffered a soft tissue injury as a result of the three collisions. Therefore, the verdicts with respect to the McGovern and Dull claims were against the manifest weight of the evidence, and the trial court abused its discretion in denying the motion for a new trial.
Within this assignment of error, Appellant also takes issue with the trial court allowing Appellee McGovern's attorney to ask questions of Appellant concerning his alleged child abuse towards his twin sons. At trial, Appellant was seeking money damages for claimed loss of a close and loving relationship with his children. For the following reasons, we affirm the trial court in regards to this issue.
Among other reasons, a new trial may be granted to any party on an issue if there was an error of law that occurred during trial that was brought to the attention of the trial court by the party making the application.[16] Appellant claims that Appellee McGovern's attorney asked questions of Appellant containing assertions not supported by any evidence. In regards to Appellant's contention, his argument is misplaced because he relies on caselaw decided prior to the adoption of revisions to Evid.R. 607.
Evid.R. 607(B) permits any question pertaining to impeachment that implies the existence of an impeaching fact as long as the questioner has a reasonable basis for doing so. The line of questioning here was used in an effort to impeach Appellant's testimony that he had a close and loving relationship with his children by asking Appellant's daughter about alleged child abuse towards her brothers by Appellant. Appellee McGovern satisfied the requirements of Rule 607(B) because his questioning was reasonable in light of an email sent to him from the children's mother. While this email was not submitted as evidence, it did give Appellee McGovern a reasonable basis for asking the questions, and the questions were used for the impeachment of Appellant's prior testimony regarding his children.
Therefore, Appellant's fourth assignment of error is well taken and it is hereby sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
BRYANT and HADLEY, JJ., concur.
(WALTERS, P.J., BRYANT and HADLEY, JJ., of the Third Appellate District sitting by assignment in the Sixth Appellate District.)
[1] Cyphers v. Scheck (Aug. 28, 1981), Sandusky App. No. S-80-27, unreported
[2] Id.
[3] Evid.R. 703
[4] State v. Solomon (1991), 59 Ohio St.3d 124, 126
[5] O'Day v. Webb (1972), 29 Ohio St.2d 215, 220; Sheidler v. Norfolk Western Railway (1999), 132 Ohio App.3d 462, 469
[6] Nichols v. Hanzel (1996), 110 Ohio App.3d 591, 599
[7] Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119-20
[8] Carl Gene Towing Service, Inc. v. Shortway Lines (Mar. 26, 1992), Lucas App. No. L-81-265, unreported, citing Hake v. WiedemannBrewing Co. (1970), 23 Ohio St.2d 65, 68
[9] Id., citing Alamo v. Del Rosario (D.C. Cir. 1938), 98 F.2d 328,330; Humble Oil Refining Co. v. Sun Oil Co. (5th Cir. 1951),191 F.2d 705, 714
[10] See, e.g., In re Estate of Seelig v. DeTray (1981),2 Ohio App.3d 223, 224
[11] Civ.R. 59(A)(6)
[12] Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286
[13] McCall v. Mareino (2000), 138 Ohio App.3d 794, 798, quotingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219
[14] Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249, 253;Richard L. Bowen Assoc. v. Kassouf (June 22, 1995), Cuyahoga App. No. 66801, 67018, unreported
[15] McCall v. Mareino, 138 Ohio App.3d at 798, citing C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279
[16] Civ.R. 59(A)(9)