OPINION
{¶ 1} Defendant-appellant, University of Cincinnati ("university"), appeals from the judgment of the Court of Claims of Ohio in favor of plaintiff-appellee, Monty Parrett, in the amount of $180,000 for injuries he sustained in an automobile accident. For the following reasons, we reverse that judgment and enter judgment for the university.
 {¶ 2} On October 26, 1997, Ralph L. Trost, an employee of the university's police department, was participating in a "law enforcement exposition," at Eastgate Mall in Clermont County, Ohio. The university was displaying a motorcycle at the exposition and Ralph Trost was acting on behalf of the university and in the course and scope of his employment. Ralph Trost rode the motorcycle to the exposition the evening of October 24, 1997, so that it could be displayed through October 26, 1997.
 {¶ 3} Ralph Trost was responsible for returning the motorcycle to the university garage. The university had no formal policies or procedures for transporting its motorcycles, and none of the university's trucks or trailers are used for transporting motorcycles. Ralph Trost arranged for his brother, Terry Trost, to bring Terry's truck and trailer to the mall on October 26, 1997, to transport the motorcycle back to the university garage. Terry Trost was employed by the Miami Township Police Department — not by the university. Terry Trost was going to attend the exposition anyway.
 {¶ 4} While en route to Eastgate Mall, Terry Trost crossed the center line on old State Route 74 in Clermont County, Ohio, and collided with a vehicle driven by appellee. The accident left appellee with serious and permanent injuries. Terry Trost was cited for failure to drive within marked lanes in violation of R.C. 4511.33. Terry Trost's negligence caused the accident in whole or in part.
 {¶ 5} Appellee filed suit against the university seeking recovery for the injuries he sustained in this accident. The trial court initially addressed only the issue of liability. The case was tried on stipulated facts. Based upon those stipulated facts, the trial court rendered judgment for appellee on August 27, 2001.
 {¶ 6} The university appealed the trial court's judgment. In a decision dated September 26, 2002, this court dismissed the appeal and remanded the matter to the trial court for lack of a final appealable order because damages had not been determined. On remand, the parties stipulated that appellee suffered damages in the amount of $180,000. Based upon that stipulation, the trial court entered judgment for appellee in that amount.
 {¶ 7} The university appeals asserting the following assignment of error:
The court of claims erred by finding that terry trost was an employee or agent of the university and that the university was liable for his negligence.
 {¶ 8} The university's argument is straightforward. The university contends that because Terry Trost was not an employee or agent of the university, the university cannot be liable for his negligence. We agree.
 {¶ 9} It is well-established that under the doctrine of respondeat superior, employers are liable for the negligent acts of their employees when the employees are acting within the scope of employment. Byrd v. Faber (1991), 57 Ohio St.3d 56, 58;Bobik v. Indus. Comm. (1946), 146 Ohio St. 187. Here, the record reflects that the parties entered into a joint stipulation of fact wherein they agreed that Terry Trost was not an employee of the university. (Joint stipulation at ¶ 6.) Rather, Terry Trost was employed by the Miami Township Ohio Police Department. Therefore, the university cannot be vicariously liable for Terry Trost's negligent conduct based upon his employment status.
 {¶ 10} The stipulated facts establish that Ralph Trost asked his brother, Terry, to bring Terry's truck and trailer to Eastgate Mall to transport the motorcycle back to the university garage. Terry Trost had planned to attend the exposition anyway. There is no evidence that Ralph Trost, the university or Terry Trost contemplated that Terry Trost would be compensated for the use of his truck and trailer or for his assistance. Nevertheless, even if we were to assume that Ralph Trost hired his brother to transport the motorcycle, Terry Trost would be no more than an independent contractor because the parties stipulated that Terry Trost was not a university employee and there was no evidence that Ralph Trost or the university had the right to exercise control over Terry Trost's actions. An employer is generally not liable for the acts of an independent contractor. Abrams v.Toledo Auto. Dealers Assn. (2001), 145 Ohio App.3d 187.
 {¶ 11} Lastly, assuming Terry Trost was acting as a volunteer, the university could not be vicariously liable for his negligence because, again, there was no evidence that the university had the right to exercise control over his actions.Petty v. Mahoning Women's Centre, Inc. (Feb. 15, 1995), Mahoning App. No. 93 C.A. 32. The relationship of principal and agent or master and servant exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks. Hanson v. Kynast (1986), 24 Ohio St.3d 171,173; Mayfield v. Boy Scouts of America (1994),95 Ohio App.3d 655. Here, there is no evidence in the stipulated facts that Ralph Trost or the university had any right to control Terry Trost's actions. Therefore, no principal/agent or master/servant relationship existed and there can be no vicarious liability under the doctrine of respondeat superior. Petty, supra, (employer entitled to summary judgment when no evidence submitted showing employer's right to control actions of volunteer).
 {¶ 12} In finding the university liable for the negligence of Terry Trost, the trial court relied upon Calhoun v. MiddletownCoca-Cola Bottling Co. (1974), 43 Ohio App.2d 10. The trial court's reliance on Calhoun is misplaced.
 {¶ 13} In Calhoun, the plaintiff (a minor) was employed by the defendant/employer's driver to assist the driver with deliveries. The driver experienced some mechanical problems with the delivery vehicle and took the vehicle to a mechanic for repairs. The driver was authorized by the defendant/employer to obtain the repairs. The vehicle was an enclosed delivery van, wherein access to the engine is achieved by removing a cover inside the driver's compartment. With the engine cover removed and the gasoline line disconnected from the fuel pump, the driver and the mechanic were turning the engine over to determine if the fuel pump was working. This procedure required the driver to turn the ignition switch so that the mechanic could see whether or not gasoline would spurt from the pump into a can which the mechanic was holding in the engine compartment. Sparks were visible to both the driver and mechanic in the immediate vicinity of the can. The plaintiff was just outside the right front door of the van. Eventually, the sparks ignited the gasoline that had accumulated in the can. The mechanic then threw the flaming can out the only opening immediately available to him — the right front door of the van. Burning gasoline splashed onto the plaintiff causing him serious injuries.
 {¶ 14} The plaintiff sued the defendant/employer and the mechanic. A settlement was reached between the plaintiff and the mechanic and the trial proceeded against the defendant/employer for the alleged negligence of its driver. The Calhoun court held that the defendant/employer was vicariously liable for the acts of its driver even though the defendant/employer had a policy that prohibited the employment of individuals under 18 years of age. The defendant/employer's liability was premised on the fact that the driver's negligent conduct occurred during the course and scope of his employment. The holding in Calhoun is consistent with the general rule that an employer is liable for the negligent conduct of its employee acting within the scope of employment. Calhoun does not support the trial court's conclusion that an employer is vicariously liable for the negligent acts of a third party who is not an employee and is not subject to the control of the employer.
 {¶ 15} Because the university cannot be vicariously liable for Terry Trost's negligent conduct under the doctrine of respondeat superior, we sustain the appellant's assignment of error, and reverse the judgment of the Court of Claims of Ohio. For the foregoing reasons, we further enter judgment in favor of the appellant.
Judgment reversed; judgment rendered for defendant-appellant.
Petree and Sadler, JJ., concur.